413 So.2d 469 (1982)
STATE of Florida, Petitioner,
v.
Tony D. HORVATCH, Respondent.
No. 82-251.
District Court of Appeal of Florida, Fourth District.
May 5, 1982.
*470 Jim Smith, Atty. Gen., Tallahassee, and Sharon Lee Stedman, Asst. Atty. Gen., West Palm Beach, for petitioner.
Gerald Lefebvre of Conlon & Tooker, Okeechobee, for respondent.
ANSTEAD, Judge.
The state seeks review of a pretrial order holding that the respondent, Tony D. Horvatch, will be entitled to introduce the results of a lie-detector examination in evidence at his upcoming trial on charges of aggravated battery. We grant the writ and quash the order of the trial court.
In State v. Steinbrecher, 409 So.2d 510 (Fla. 3d DCA 1982), the Third District held that the state may obtain certiorari review of pretrial rulings excluding or admitting evidence where such rulings are legally erroneous and no remedy will be available to the state upon appeal from a final disposition of the case. We agree with this proposition. If the court permitted the evidence to be admitted and respondent was subsequently adjudicated not guilty, the state would have no remedy by appeal, since the state cannot seek review of such an adjudication. See Fla.R.App.P. 9.140(c)(1). We also believe that the ruling below is legally erroneous, for as stated in Pendleton v. State, 348 So.2d 1206, 1209 (Fla. 4th DCA 1977), "polygraph tests and information gleaned therefrom are not admissible evidence in any criminal proceeding" in the absence of a "stipulation between the state and defense counsel." Accord, State Dept. of Highway Safety & Motor Vehicles v. Zimmer, 398 So.2d 463 (Fla. 4th DCA 1981). The results of polygraph examinations have not been accepted as competent scientific proof in Florida. Kaminski v. State, 63 So.2d 339 (Fla. 1953).
Even under McMorris v. Israel, 643 F.2d 458 (7th Cir.1981), cert. denied ___ U.S. ___, 102 S.Ct. 1479, 72 L.Ed.2d ___ (1982) [30 Crim.L.Rptr. 4217], cited by respondent for the proposition that the state's refusal to stipulate to the admission of a defendant's polygraph test may amount to a denial of due process of law when not based upon legitimate reasons, we believe the results of respondent's test would be excludable. Aggravated battery is a specific intent crime. See Russell v. State, 373 So.2d 97 (Fla. 2d DCA 1979). In our view the state was not required to stipulate to the admission of the polygraph test taken by respondent in which respondent's answer of "no" to the question of whether he intended to commit an aggravated battery was purportedly truthful. Any criminal defendant, of course, may testify that he did not intend to commit the crime charged, but the subjective belief of the defendant is not necessarily dispositive. In the present case we agree with the state that its refusal to stipulate, based upon the possibility that a jury might be misled by the aura surrounding respondent's purportedly scientific "proof" of his innocence and acquit on this basis alone, was legitimate. In any event, there is no provision under Florida law whereby the state can be compelled to stipulate to the admission of a defendant's polygraph test, and we are in disagreement with McMorris to the extent that it holds that the withholding of consent under these circumstances violates the provision of the Federal Constitution guaranteeing due process.
*471 In accordance with the above we grant the petition for writ of certiorari and quash the trial court's order of February 2, 1982.
GLICKSTEIN and DELL, JJ., concur.