426 So.2d 1233 (1983)
STATE of Florida, Petitioner,
v.
Thomas F. BUSCIGLIO, Respondent.
No. 82-2633.
District Court of Appeal of Florida, Second District.
February 9, 1983.
James A. Gardner, State Atty., and James S. Purdy, Asst. State Atty., Bradenton, for petitioner.
Bernt Meyer, Sarasota, and Jerrel E. Towery of Barber & Towery, P.A., Venice, for respondent.
GRIMES, Acting Chief Judge.
The state brings this petition for writ of certiorari to review an order granting a motion in limine.
Respondent/defendant was charged with robbery and burglary. Pursuant to Florida Rule of Criminal Procedure 3.216, he filed a motion to declare himself insane at the time of trial. The court appointed psychiatrists, and the defendant underwent various examinations. The defendant then filed an admission of the facts alleged in the information with the exception that due to his insanity at the time of the offense, he was unable to form the intent necessary to commit the crimes charged.
Following a hearing on the motion in limine, the court entered an order acknowledging the state's refusal to stipulate to the defendant's admissions but which held in pertinent part:
ORDERED AND ADJUDGED that the State of Florida shall be barred from presenting to a jury its full proof of the crimes charged against the Defendant in the second amended information and that the trial in this cause shall be limited to the issue of the Defendant's sanity at the time of the commission of the crimes charged; it is further
ORDERED AND ADJUDGED that the presentation of evidence before the jury shall commence with presentation of the Defendant's expert witnesses who will testify regarding the Defendant's sanity followed thereafter by the State of Florida's rebuttal witnesses who will testify on the issue of the Defendant's sanity at the time of the offense charged.
Certiorari is a proper remedy for the state to obtain review of pretrial rulings excluding or admitting evidence, where such rulings are legally erroneous and no remedy will be available to the state upon appeal from a final disposition of the case. State v. Horvatch, 413 So.2d 469 (Fla. 4th DCA 1982); State v. Steinbrecher, 409 So.2d 510 (Fla. 3d DCA 1982). The state *1234 contends that the court erred in limiting the evidence to the defendant's insanity, thereby "sanitizing" the state's case.
In Arrington v. State, 233 So.2d 634 (Fla. 1970), our supreme court pointed out that criminal defendants often seek to stipulate to the existence of certain evidence in an attempt to obviate "the legitimate moral force" of such evidence. The court held that the state is not barred from proving facts pertinent to its prosecution simply because the defendant offers to admit them. The trial judge always retains the authority to sustain objections to evidence upon traditional grounds. Accord Parker v. State, 408 So.2d 1037 (Fla. 1982).
Hence, the court departed from the essential requirements of law in limiting the state's proof by reason of the defendant's admissions. We hereby grant certiorari and quash the disputed order.
RYDER and SCHOONOVER, JJ., concur.