PER CURIAM.
This case is before us on a certified question from the Third District Court of Appeal. That court, in a written opinion, had dismissed the state’s appeal from a trial court’s dismissal of a petition for delinquency because of a violation of the juvenile’s constitutional right to a speedy trial on the ground that the state does not have the right to appeal such an order. It also ruled that the state had no right of review by certiorari.
The questions, as framed by the district court of appeal, are:
Are the provisions of Article V, Section 4(b)(1) of the Florida Constitution (1980) self-executing so as to afford the state the right to appeal from a final judgment in a criminal case the same as any other party litigant except where an appeal would be futile under applicable principles of double jeopardy?
If the answer to the first question is in the negative, may the district court of appeal utilize the common law writ of certiorari to review the final judgment assuming the elements of the writ are satisfied?
In State v. C.C., 476 So.2d 144 (Fla.1985), we held that the right of appeal given in section 39.14, Florida Statutes (1981), does not extend to the state. We also agreed with the district court in (7.(7. that interlocutory review is available only in cases in which an appeal may be taken as a matter of right.
In the instant case the third district reached the same result and held that, because the state has no right to appeal under section 39.14, it also has no right to have a juvenile order reviewed by writ of certiorari. State v. G.P., 429 So.2d 786 (Fla. 3d DCA 1983). We agree with the district court. Chapter 39, dealing with juveniles, is a purely statutory creation which does not give the state the right of appeal. The state has no greater right by certiorari. We approve the district court’s decision.
It is so ordered.
ADKINS, OVERTON, McDONALD and SHAW, JJ., concur.
BOYD, C.J., dissents with an opinion, in which ALDERMAN and EHRLICH, JJ., concur.