BOYD, Chief Justice,
concurring in part and dissenting in part.
Although I expressed the dissenting view in State v. C.C. that the state could appeal a dismissal of a juvenile delinquency petition under the statutory authority contained in section 924.07(1), Florida Statutes (1981), I agree that the majority opinion in that case settled the matter and that specific statutory authority for appeals by the state in juvenile cases is lacking.
In the present case the juvenile court imposed on the state a time limitation for filing of the juvenile delinquency petition not required or permitted by the applicable statutes and rules. If the district court had been aware that the state had no right of appeal, it might have been inclined to treat the notice of appeal as a petition for certiorari based on the lower court’s departure from the essential requirements of law. Although the petition for certiorari cannot be used to afford unauthorized appellate review, State v. G.P., 476 So.2d 1272 (Fla. Aug. 30, 1985), I believe that certiorari is available to the state, as it is to any aggrieved party, when the lower court departs from the essential requirements of law. Jones v. State, 477 So.2d 566 (Fla. October 17, 1985) (Boyd, C.J., concurring). Therefore, while agreeing with the Court’s holding that the state had no right to appeal, I would remand to the district court so that it might consider whether to treat the purported appeal as a petition for cer-tiorari based on common-law precedents defining the concept of departure from the essential requirements of law.