490 So.2d 235 (1986)
STATE of Florida, Petitioner,
v.
Robert A. EDWARDS, Respondent.
No. 86-640.
District Court of Appeal of Florida, Fifth District.
June 26, 1986.
*236 S. Ray Gill, State Atty., Richard A. Howard, and Thomas Carle, Asst. State Attys., Bushnell, for petitioner.
Howard H. Babb, Jr., Public Defender, L. Hunter Limbaugh, and J.F. Johnson, Jr., Asst. Public Defenders, Tavares, for respondent.
DAUKSCH, Judge.
This cause came before the court on a petition for writ of certiorari filed by the State to quash the order of the trial court granting, in part, defendant's motion in limine.
Defendant, a prisoner at Sumter Correctional Institution, was indicted for the first degree murder of another prisoner. Most of the witnesses who were to testify at trial were either inmates or guards at the Sumter Correctional Institution. Pursuant to a motion in limine filed by the defendant, the trial court entered an order prohibiting the State or its witnesses from using the words "prison", "prisoner", "penitentiary", or "guard" at any stage of the trial. The State argues that the trial court departed from the essential requirements of law in prohibiting the use of the specified words. We agree, and grant the petition for writ of certiorari.
As stated in Tompkins v. State, 386 So.2d 597 (Fla. 5th DCA) rev. den., 392 So.2d 1380 (Fla. 1980), a case where defendant prisoner was charged with the sexual battery of another prisoner, "[T]he fact and place of perpetration are ingredients of a crime and are germane to proof required for conviction... . [R]eferences to this defendant's conviction and inmate status were inevitable due to the fact that the crime was committed in a prison... ." Id. at 599.
Certiorari is the appropriate remedy to review pretrial evidentiary rulings which are clearly erroneous where no remedy is available upon appeal of the final disposition. See e.g. State v. Busciglio, 426 So.2d 1233 (Fla. 2d DCA 1983); State v. Horvatch, 413 So.2d 469 (Fla. 4th DCA 1982); State v. Steinbrecher, 409 So.2d 510 (Fla. 3d DCA 1982).
The order of the trial court prohibiting the use of the words "prison", "prisoner", "penitentiary," or "guards" is a departure from the essential requirements of law and any possible prejudice to the defendant by references to his status as a prisoner can be cured by an appropriate instruction to the jury.
The petition for writ of certiorari is granted and that portion of the trial court's order in dispute is quashed.
UPCHURCH and COWART, JJ., concur.