520 So.2d 250 (1988)
STATE of Florida, Petitioner,
v.
George PETTIS, Respondent.
No. 69097.
Supreme Court of Florida.
January 21, 1988.
Rehearing Denied March 16, 1988.
*251 Robert A. Butterworth, Atty. Gen. and Richard G. Bartmon, Asst. Atty. Gen., West Palm Beach, for petitioner.
Richard L. Jorandby, Public Defender, Fifteenth Judicial Circuit, and Tatjana Ostapoff, Asst. Public Defender, West Palm Beach, for respondent.
GRIMES, Justice.
We review State v. Pettis, 488 So.2d 877 (Fla. 4th DCA 1986), because of direct and express conflict with State v. Wilson, 483 So.2d 23 (Fla. 2d DCA 1985). Art. V, § 3(b)(3), Fla. Const.
Pettis was charged with a drug offense. The state made a pretrial motion to prevent Pettis from questioning a police officer at the trial about five departmental reprimands he had received. The reprimands had occurred during the officer's former employment with another police force, and the most recent of them had taken place about three years earlier. None of the reprimands involved Pettis or anyone connected with him. Upon the denial of the motion in limine, the state filed a petition for writ of certiorari. The Fourth District Court of Appeal granted certiorari and quashed the order denying the state's motion in limine. In its opinion, the district court held that Pettis could not use evidence of the officer's prior reprimands to impeach his character for truthfulness because the officer's character trait was not an essential element of the charge or defense. § 90.405(2), Fla. Stat. (1983). The court pointed out that Pettis had not defended on the ground that the officer had an interest, bias or motive to lie as did the defendants in Mendez v. State, 412 So.2d 965 (Fla. 2d DCA 1982), and D.C. v. State, 400 So.2d 825 (Fla. 3d DCA 1981).
Pettis filed a motion for rehearing, asserting that because the state could not appeal the order denying the motion in limine, it had no authority to seek review of the order by petition for common law certiorari. As a consequence, the district court of appeal on rehearing withdrew its prior opinion and stated:
The petition for writ of certiorari is denied upon authority of Jones v. State, 477 So.2d 566 (Fla. 1985). See also R.L.B. v. State, 486 So.2d 588 (Fla. 1986).
488 So.2d at 877.
In Jones v. State, 477 So.2d 566 (Fla. 1985), this Court considered the question of whether the district court of appeal could entertain a petition for certiorari from an order challenging the dismissal of probation violation charges. We reasoned that since there was no statutory right of appeal from the dismissal of probation violation charges, the district court could not review the dismissal by way of certiorari.
Subsequent to Jones, the Second District Court of Appeal entertained a petition for certiorari to review an order denying the state's motion to exclude certain evidence from the defendant's criminal trial. Just as in Pettis, the district court was faced with the question of whether it had authority to grant certiorari to review the denial of the state's pretrial motion in limine. Concluding that it had such authority, the district court reasoned:
Since the time the state filed its petition, and respondents responded, the supreme court issued its decisions in Jones v. State, 477 So.2d 566 (Fla. 1985); State v. G.P., 476 So.2d 1272 (Fla. 1985); and State v. C.C., 476 So.2d 144 (Fla. 1985), which appear to hold that the state may not seek certiorari review of any interlocutory or final order for which a statutory right to appeal has not been granted. We, however, read the decisions to mean that the state may not use the petition for writ of common law certiorari to obtain appellate review of an order that is only reviewable, if at all, by direct appeal. *252 If there is no statutory right to appeal, then certiorari cannot be used to supply the right. On the other hand, we do not believe the above decisions preclude the state from seeking common law certiorari review, as opposed to statutory appellate review, of an interlocutory order (such as the denial of its motion in limine in this case) which departs from the essential requirements of law and for which the state would have no other avenue of review.
State v. Wilson, 483 So.2d at 24-25. We agree with this analysis.
The right of appeal from a final judgment is prescribed by statute. State v. Creighton, 469 So.2d 735 (Fla. 1985). The cases of State v. C.C., 476 So.2d 144 (Fla. 1985), State v. G.P., 476 So.2d 1272 (Fla. 1985), and Jones v. State, 477 So.2d 566 (Fla. 1985), were each concerned with the review of final orders of dismissal from which there was no statutory right of appeal. Those decisions were bottomed on the premise that the state should not be permitted to circumvent the absence of a statutory right of appeal through the vehicle of a petition for certiorari.
The orders involved in Pettis and Wilson were nonfinal orders. The review of nonfinal orders is controlled by court rule. State v. Smith, 260 So.2d 489 (Fla. 1972). State appeals from certain nonfinal orders are authorized by Florida Rule of Appellate Procedure 9.140(c)(1)(B). With respect to common law certiorari,[1] Florida Rule of Appellate Procedure 9.030(b)(2) provides in part:
(2) Certiorari Jurisdiction. The certiorari jurisdiction of district courts of appeal may be sought to review:
(A) non-final orders of lower tribunals other than as prescribed by Rule 9.130;
The reference to rule 9.130 is not inadvertent because the orders covered by that rule are ones from which an interlocutory appeal may be taken as contrasted to a petition for certiorari. Subsection (a)(2) of rule 9.130 excludes nonfinal orders in criminal cases. The committee note under rule 9.130 states:
1977 Revision. This rule replaces former Rule 4.2 and substantially alters current practice. This rule applies to review of all non-final orders, except those entered in criminal cases, and those specifically governed by Rules 9.100 and 9.110.
The Advisory Committee was aware that the common law writ of certiorari is available at any time and did not intend to abolish that writ. However, since that writ provides a remedy only where the petitioner meets the heavy burden of showing that a clear departure from the essential requirements of law has resulted in otherwise irreparable harm, it is extremely rare that erroneous interlocutory rulings can be corrected by resort to common law certiorari. It is anticipated that since the most urgent interlocutory orders are appealable under this rule, there will be very few cases where common law certiorari will provide relief. See Taylor v. Board of Public Instruction of Duval County, 131 So.2d 504 (Fla. 1st DCA 1961).
The right of district courts of appeal to review nonfinal orders in criminal cases by certiorari was recognized in dictum by this Court in State v. Harris, 136 So.2d 633 (Fla. 1962). Several years later in State v. Smith the question was directly presented. In that case, the Court upheld the district court's reasoning that the state could not appeal a pretrial order requiring an eyewitness to a murder to be examined forvisual acuity. However, the district court had treated the interlocutory appeal as a petition for writ of common law certiorari, and this Court reversed the denial of that petition on the premise that the trial judge's order had departed from the essential requirements of law.
In State v. Steinbrecher, 409 So.2d 510 (Fla. 3d DCA 1982), the Third District Court of Appeal specifically addressed this question in the following manner:
Respondent argues that there is no authority for certiorari review of a pre-trial *253 ruling excluding evidence. We disagree. Rule 9.140(c) of the Florida Rules of Appellate Procedure does limit matters which may be appealed by the state before trial as of right. However, this limitation as to appeals is not a bar to this court's power of discretionary review... .
We believe, therefore, that the correct interpretation of Florida law is that if the requirements permitting certiorari jurisdiction otherwise exist, a pre-trial order excluding evidence which has the effect of substantially impairing the ability of the state to prosecute its case is subject to certiorari review.
409 So.2d at 511.
In many other cases the district courts of appeal have granted common law certiorari to quash nonappealable interlocutory orders in criminal cases which departed from the essential requirements of law. E.g., State v. Edwards, 490 So.2d 235 (Fla. 5th DCA 1986); State v. Maisto, 427 So.2d 1120 (Fla. 3d DCA 1983); State v. Busciglio, 426 So.2d 1233 (Fla. 2d DCA 1983); State v. Joseph, 419 So.2d 391 (Fla. 3d DCA 1982); State v. Horvatch, 413 So.2d 469 (Fla. 4th DCA 1982); State v. Love, 393 So.2d 66 (Fla. 3d DCA 1981); State v. Dumas, 363 So.2d 568 (Fla. 3d DCA 1978), cert. denied, 372 So.2d 471 (Fla. 1979); State v. Latimore, 284 So.2d 423 (Fla. 3d DCA 1973), cert. denied, 291 So.2d 7 (Fla. 1974); State v. Gillespie, 227 So.2d 550 (Fla. 2d DCA 1969); State v. Williams, 227 So.2d 253 (Fla. 2d DCA 1969), cert. denied, 237 So.2d 180 (Fla. 1970).
The ability of the district courts of appeal to entertain state petitions for certiorari to review pretrial orders in criminal cases is important to the fair administration of criminal justice in this state. Otherwise, there will be some circumstances in which the state is totally deprived of the right of appellate review of orders which effectively negate its ability to prosecute. If a nonfinal order does not involve one of the subjects enumerated in Florida Rule of Appellate Procedure 9.140(c)(1), the state would not be able to correct an erroneous and highly prejudicial ruling. Under such circumstances, the state could only proceed to trial with its ability to present the case significantly impaired. Should the defendant be acquitted, the principles of double jeopardy prevent the state from seeking review; thus, the prejudice resulting from the earlier order would be irreparable.[2] The filing of a petition for certiorari is an apt remedy under these circumstances. Only those are granted in which the error is serious. Very little delay is involved because the petitions are usually denied on their face as not demonstrating a departure from the essential requirements of law. In fact, it would be counterproductive for the state to have a full right of interlocutory appeal from all pretrial orders because this would mean the district court of appeal would have to entertain the appeal on its merits which would often result in unnecessary delay.[3]
Our statements in State v. C.C., State v. G.P., and Jones v. State that no right of review by certiorari exists in criminal cases if no right of appeal exists are limited to orders of final dismissal.[4] These cases shall not be construed to prohibit district courts of appeal from entertaining state petitions for certiorari from pretrial orders in criminal cases.
We agree that the trial judge below erred in permitting the police officer to *254 be questioned concerning unrelated reprimands. See A. McD. v. State, 422 So.2d 336 (Fla. 3d DCA 1982); Morrell v. State, 297 So.2d 579 (Fla. 1st DCA 1974). However, we cannot say that the ruling was a departure from the essential requirements of law.[5] While some pretrial evidentiary rulings may qualify for certiorari, it must be remembered that the extraordinary writ is reserved for those situations where "there has been a violation of a clearly established principle of law resulting in a miscarriage of justice." Combs v. State, 436 So.2d 93, 96 (Fla. 1983). Therefore, we approve the denial of the petition for certiorari but not upon the reasoning implicit in its rehearing order.
It is so ordered.
EHRLICH, BARKETT and KOGAN, JJ., concur.
OVERTON, J., concurs in result only with an opinion.
McDONALD, C.J., concurs in result only.
SHAW, J., dissents with an opinion.
OVERTON, Justice, concurring in result only.
I concur in result only. Initially, I should make clear that I would support an amendment to our appellate rules to allow the state a greater opportunity for a review of non-final trial court actions in criminal cases. However, I disagree with broadening certiorari jurisdiction to allow the state to seek review of a trial court's non-final order. In my view, the majority opinion represents a departure from historically established common law principles governing certiorari.
I am deeply concerned that the decision could have major ramifications on the appellate process. In my opinion, the decision could (1) cause common law certiorari to be substantially extended beyond the intended purpose of the writ, and, (2) as a result, restrict our control of interlocutory appeals.
Common law certiorari is an extremely limited remedy which is not to be used as a substitute for an appeal. The scope of the inquiry of a petition for certiorari is supposed to be limited to issues of jurisdiction and procedural regularity. See generally Rogers and Baxter, Certiorari in Florida, 4 U.Fla.L.Rev. 477 (1951), and Haddad, The Common Law Writ of Certiorari in Florida, 29 U.Fla.L.Rev. 207 (1977). This Court specifically addressed the scope of a writ of certiorari in Basnet v. City of Jacksonville, 18 Fla. 523 (1882), where we stated:
The question which the certiorari brings here is . .. whether the Judge exceeded his jurisdiction in hearing the case at all, or adopted any method unknown to the law or essentially irregular in his proceeding... . A decision made according to the form of law and the rules prescribed for rendering it, although it may be erroneous in its conclusion as to what the law is as applied to facts, is not an illegal or irregular act or proceeding remediable by certiorari.

Id. at 526-27 (emphasis added).
Granting a petition for certiorari on these grounds is justified because the actions constituted a departure from the essential requirements of law. As we expressed in Basnet, that means something more than just legal error. We further refined the scope of certiorari jurisdiction in our recent decision in Combs v. State, 436 So.2d 93, 95-6 (Fla. 1983), when we stated that, in granting writs of certiorari, appellate courts should not be "as concerned with the mere existence of legal error as much as with the seriousness of the error," and that the error must be such that it is "a violation of a clearly established principle of law resulting in a miscarriage of justice." Clearly, as held by the majority, the circumstances of this case do not meet this test.
*255 I believe we are sending very confusing signals to the district courts of appeal of this state on the use of common law certiorari for review of criminal actions, including juvenile proceedings. The confusion becomes readily apparent after a review of our recent decisions on this subject. See, e.g., State v. Creighton, 469 So.2d 735 (Fla. 1985); State v. C.C., 476 So.2d 144 (Fla. 1985); State v. G.P., 476 So.2d 1272 (Fla. 1985); Jones v. State, 477 So.2d 566 (Fla. 1985).
In Creighton, the jury had returned a verdict of not guilty on count one, but guilty on count two. After the verdict, the defendant renewed a motion for judgment of acquittal of count two made at the end of the state's case and the trial judge granted that motion for acquittal. The issue was whether the state was entitled to a review of the trial court's order granting the judgment of acquittal. We reviewed the history of the authority of the state to seek review of trial court criminal decisions, stating that at common law a writ of error would lie for the defendant but not for the state. State v. Burns, 18 Fla. 185 (1881). We recognized that the issue was solely a question of law and that double jeopardy was not applicable. We held, however, "that the state's right of appeal in criminal cases depends on statutory authorization and is governed strictly by the statute" and that nowhere in the statutes "is provision made for appeal by the state from an order granting a judgment of acquittal." 469 So.2d at 740-41.
In State v. C.C., the Court was considering consolidated appeals by the state concerning five separate juvenile cases. As applied to the juvenile C.C., the state was appealing the trial court's suppression of certain statements he made to the police; with regard to E.V., the trial court dismissed charges on double jeopardy grounds resulting from a prior mistrial where the trial judge had excused himself; concerning C.A.Q., the trial court suppressed physical evidence on the ground it was obtained by an illegal search; and, for A.M.E. and S.E., the trial court dismissed the delinquency petitions on the ground that the facts proffered, even if shown by the evidence, would not constitute a violation of the statutory offense. We held the statutory sections providing a right to review in criminal cases apply only to adult criminal matters, not to juvenile cases and found no interlocutory review was permitted.
In State v. G.P., the trial court had dismissed a petition for delinquency because of the juvenile's constitutional right to a speedy trial had been violated. We held that the state had no right to appeal under the statute, nor did it have a right to have this type of juvenile order reviewed by petition for writ of certiorari. 476 So.2d at 1273.
In State v. Jones, the trial court had dismissed probation violation charges on the basis of Jones' claim of double jeopardy, res judicata, and collateral estoppel. The state sought review of that decision by petition for writ of certiorari. The district court of appeal accepted review and granted the writ. We quashed the district court decision, finding certiorari was not the proper remedy and held that
article V, section 4(b)(1) of the state constitution permits interlocutory review only in cases in which an appeal may be taken as a matter of right. Moreover, we approved State v. G.P. and held that no right of review by certiorari exists if no right of appeal exists. State v. G.P., 476 So.2d 1272 (Fla. 1985). The district court erred in the instant case, therefore, in reviewing by certiorari a case it could not review by appeal.
Id. at 566. That decision, in my view, should clearly control the instant case.
I disagree with the statement by the majority that our decision in State v. Smith, 260 So.2d 489 (Fla. 1972), expressly allows certiorari review of this type of matter. The real issue in Smith was whether the legislature, by legislative act, could authorize appeals by the state from pretrial orders. The district court of appeal held the statute unconstitutional on the basis that interlocutory appeals could be granted only by rule of this Court. We agreed with the district court, finding the statute was "ineffective unless a rule of this Court *256 breathes life into the legislative act." Id. at 490. The district court, however, had considered the issue on the merits believing it had proper authority under common law certiorari and denied relief. We considered its decision on the merits and directed the district court to grant the writ of certiorari. The question of whether the state was entitled to an appellate court ruling on the merits by petition for certiorari was not addressed, argued, or ruled upon by either the district court of appeal or this Court. This Court's order with instructions to grant the writ of certiorari was clearly not a resolution of the question.
Interestingly, we emphatically stated in Smith that this Court has the sole authority to establish by rule the methods of interlocutory review. Id. at 489. We should accept that responsibility, bite the bullet, and provide the state a broader but controlled means of discretionary review of non-final orders rather than attempt to utilize common law certiorari jurisdiction in a manner that may compromise the basic principles for which that review process was created.
SHAW, Justice, dissenting.
I agree with the portion of the opinion concluding that the right to petition for certiorari review is not contingent on having a right of appeal, but I believe the majority adopts an overly restrictive view of this right to petition for certiorari. Moreover, I do not agree that the trial judge's error was not a departure from the essential requirements of law and would quash the district court decision below.
In Jones v. State, 477 So.2d 566 (Fla. 1985), and State v. G.P., 476 So.2d 1272 (Fla. 1985), we erroneously relied on State v. C.C., 476 So.2d 144 (Fla. 1985), for a proposition which was not addressed in C.C. In C.C., the issue was whether the state had the right to appeal trial court orders in juvenile cases to the district courts of appeal under either article V, section 4(b)(1) of the Florida Constitution or sections 924.07 and 924.071, Florida Statutes (1981). A divided court held that it did not. However, there was no issue raised concerning the right of the state to seek review by writ of certiorari under article V, section 4(b)(3) of the Florida Constitution. In G.P. the primary issue was whether the state had the right to appeal in a juvenile case under article V, section 4(b)(1). This issue was on point and controlled by C.C. However, the second issue in G.P., whether the state had the right to seek a writ of certiorari in such cases, was not addressed by C.C. Nevertheless, without explanation, we took a quantum leap by announcing that the state has no greater right by certiorari than it does by appeal. In Jones, again without explanation and relying on C.C. and G.P., we expanded this proposition.
The difficulty with G.P. and Jones, as Chief Justice Boyd in his special concurrence to Jones recognized, is that they directly conflict with decades of well-established case law. In State v. Harris, 136 So.2d 633 (Fla. 1962), we addressed the controlling issue here of whether section 924.07, limiting the right of the state to take appeals from adverse decisions in criminal proceedings to those enumerated, also limited the right of the state to obtain review by certiorari of nonappealable orders. With unmistakable clarity, we held:
The statute [section 924.07] deals only with direct appeals in criminal proceedings and clearly does not and was not intended to proscribe the authority of the state to seek either common law certiorari now exercised by the district courts or constitutional certiorari of the variety now exercised by this Court.
Harris, 136 So.2d at 634. See also State v. Smith, 260 So.2d 489 (Fla. 1972), (district court erred in denying certiorari review to state of nonappealable order); State v. Steinbrecher, 409 So.2d 510 (Fla. 3d DCA 1982) (Florida Rule of Appellate Procedure 9.140(c) limiting matters which may be appealed as of right by state does not bar certiorari review, also expressly recedes from contrary ruling in State v. Steinbrecher, 393 So.2d 66 (Fla. 3d DCA 1981)); State v. Love, 393 So.2d 66 (Fla. 3d DCA 1981) (grants common law certiorari review of interlocutory order in criminal proceeding); State v. Dumas, 363 So.2d 568 (Fla. *257 3d DCA 1978), cert. denied, 372 So.2d 471 (1979) (grants common law certiorari review of interlocutory order in criminal proceeding); State v. Gibson, 353 So.2d 670 (Fla. 2d DCA 1978) (treating state appeal of nonappealable order under section 924.07 as petition for certiorari and granting review); State v. Wilcox, 351 So.2d 89 (Fla. 2d DCA 1977) (treating state appeal of nonappealable order under section 924.07 as petition for certiorari and granting review); State v. Caivano, 304 So.2d 139 (Fla. 2d DCA 1974), cert. denied, 314 So.2d 774 (1975) (treating state appeal of nonappealable order under section 924.07 as petition for certiorari and granting review); State v. Gillespie, 227 So.2d 550 (Fla. 2d DCA 1969) (granting state certiorari review of nonappealable discovery order); State v. Williams, 227 So.2d 253 (Fla. 2d DCA 1969), cert. denied, 237 So.2d 180 (1970) (granting certiorari review of nonappealable discovery orders and citing Harris as authority for proposition that sections 924.07 and 924.071 do not limit state's right to seek certiorari review of interlocutory orders); State v. Staley, 97 So.2d 147 (Fla. 2d DCA 1957) (granting certiorari review of order from circuit court acting in its appellate capacity); State v. Atwell, 97 So.2d 125 (Fla. 2d DCA 1957) (holding that section 924.07 does not limit state's right to seek certiorari review and granting review of order from circuit court acting in its appellate capacity). See also cases cited by Chief Justice Boyd in his special concurrence to Jones, 477 So.2d at 567-68.
Historically, the common law writ of certiorari was only available to seek review of final judgments from which there was no right of appeal, for example, the nonappealable final judgments of a circuit court acting in its appellate capacity. However, this restriction of the writ to final judgments worked an obvious injustice when the adverse order was interlocutory and the party against whom the order was rendered had no adequate remedy either by appeal of the final judgment or by petition for writ of certiorari. Accordingly, exceptions were developed which permitted petitions for writs of certiorari to seek review of interlocutory orders of, e.g., circuit courts acting in either their appellate or trial capacity. The tests for certiorari review of interlocutory orders were stated in Huie v. State, 92 So.2d 264, 269 (Fla. 1957):
Our consistent position has been that it is only in a case where it clearly appears that there has been a departure from the essential requirements of the law and in addition thereto that there is no full, adequate and complete remedy by appeal after final judgment available to the petitioner in certiorari that we will ever consider granting a writ of certiorari to review an interlocutory order in a law action. (Emphasis in original.)
The standard of review in writs of certiorari differed significantly from that of appeals. In appeals, any error could be raised and corrected; in certiorari, only those which departed from the essential requirements of law were reviewable. This standard of review, however, presented major problems. It was imprecise and lent itself to uneven application from case to case and court to court. If applied stringently, it required the appellate court to turn a blind eye to errors which were in some instances dispositive and unjust. If applied liberally, it tended to blur or eliminate the distinctions between discretionary review by certiorari and review by right of appeal. If applied unevenly, it created conflicts of law between the circuits and districts, and denied equal protection of the law.[1]
The ideal remedy to the problems of certiorari review of interlocutory orders in criminal cases is to create an all-inclusive list of interlocutory orders which under all circumstances require review prior to trial and to establish a right of appeal for such orders. This would permit the appellate court to fully examine the purported error on the merits and would negate the right, or need, to seek certiorari review. This ideal remedy is difficult, if not impossible, *258 to devise, however, because of the difficulty of devising a list which is neither underinclusive nor overinclusive. If the list is underinclusive, there is no adequate remedy for unlisted errors; if it is overinclusive, the appellate courts will be unnecessarily intruding, thereby delaying the trial process. Thus, short of omniscience, it is necessary to devise a solution which retains a degree of discretionary, i.e., certiorari, review. Sections 924.07 and 924.071, Florida Statutes (1985) and Florida Rules of Appellate Procedure 9.130 and 9.140, in pertinent part, identify the most common interlocutory orders for which appeal by right is always appropriate and for which appellate intrusion into the trial process is justified. This list is by design underinclusive in order to prevent unnecessary intrusion.[2] Therefore, as we held in Harris, it is necessary to permit certiorari review of interlocutory orders which are nonappealable and for which appeal on final judgment will be inadequate.
The Harris rule is embodied in both the Florida Constitution and Florida Rules of Appellate Procedure. Article V, section 4(b)(3), Florida Constitution, grants the district courts of appeal the power to issue writs of certiorari. Certiorari review, which is discretionary and independent of the right to appeal, is also governed by Florida Rule of Appellate Procedure 9.030(b)(2):
(2) Certiorari Jurisdiction. The certiorari jurisdiction of district courts of appeal may be sought to review:
(A) non-final orders of lower tribunals other than as prescribed by Rule 9.130,.
(B) final orders of circuit courts acting in their review capacity.
(Footnote omitted.) Subsection (b)(2)(A) is controlling here. By its terms, it authorizes discretionary review by the district courts of appeal of non-final orders of lower tribunals in addition to those non-final orders specified in rule 9.130 which are subject to an appeal by right. Rule 9.030(b)(2) implements the common law certiorari jurisdiction of the district courts of appeal and codifies the Harris holding. The committee notes to the 1977 revision recognized this relationship "[t]he items stating the certiorari jurisdiction of the ... district courts of appeal refer to the ... `common law certiorari' jurisdiction of the district courts of appeal." Fla.R.App.P. 9.030.
It is important to recognize that in criminal cases the adequacy of an appeal of a final judgment is significantly different depending on whether the order adversely affects the state or the defendant. The state cannot appeal an acquittal whereas a defendant may appeal a conviction. Consequently, without an ameliorating rule, the state has no remedy, adequate or otherwise, for the erroneous suppression of evidence when an acquittal occurs. Rule 9.140(c)(1)(B) and section 924.071(1) provide a remedy for the state even though a reciprocal interlocutory right of appeal is not provided to the defendant for an erroneous refusal to suppress evidence. This remedy, however, is not applicable to other evidentiary rulings which may be equally devastating to the state. The case at hand illustrates this point. The trial court declined to grant a motion in limine which could be ruinous to the state's case in chief and for which the state has no adequate remedy if an acquittal occurs. This would also frustrate the district court's exercise of jurisdiction. By contrast, had the motion in limine been granted and a conviction obtained, the defendant would have an adequate remedy on appeal of the final judgment.
One of the tests for granting a writ of certiorari is that the lower court order be a departure from the essential requirements *259 of law. Huie. The commentators,[3] and case law, show that this imprecise formulation of law has historically been unevenly applied to the detriment of equal protection and consistency of decisional law. Consequently, there is a need to provide specificity. Departure from the essential requirements of law is best understood if read in pari materia with the constitutional evolution of this Court's discretionary authority to review lower court decisions. Prior to the creation of the district courts of appeal in 1957 and the concomitant amendment of article V of the Florida Constitution, this Court had the unrestricted authority to review circuit court orders by a common law writ of certiorari. Thereafter, this unrestricted authority was constitutionally assigned to the district courts of appeal[4] and this Court's certiorari authority was limited to specific instances, one of which was a decision by a district court of appeal which was in direct conflict with a decision of another district court of appeal or of the Supreme Court on the same point of law.[5] This strongly suggests that direct and express conflict of decisions is a specific example of a departure from the essential requirements of law. One reaches the same conclusion if direct and express conflict is analyzed from an equal protection of the laws perspective. Applying this insight, it logically follows that a decision of a circuit court which conflicts with a decision of an appellate court is a departure from the essential requirements of law as it denies equal protection of the law and introduces confusion and inconsistency into the law. These conclusions are supported by an overall view of Florida's constitutional court system. The overall role of this Court is to supervise the district courts to ensure they are consistently applying settled law. The district courts' supervisory authority over circuit courts' essentially parallels this Court's authority over district courts.[6] Our constitutional court system cannot function effectively unless decisional conflicts at all levels are treated as departures from the essential requirements of law.
In the case at hand, the majority concludes that the trial judge erred in ruling that the police officer could be questioned concerning unrelated reprimands and that this ruling conflicts with A. McD. v. State, 422 So.2d 336 (Fla. 3d DCA 1982), and Morrell v. State, 297 So.2d 579 (Fla. 1st DCA 1974). I agree. The majority goes on to hold, however, that this erroneous ruling and conflict of decisions is not a departure from the essential requirements of law. I dissent from this holding. This narrow view of common law certiorari, departures from the essential requirements of law, and the power of supervisory courts will not only produce unjust results in individual cases, it will also create a judicial system where uncorrected conflicts of law routinely occur from district to district, circuit to circuit, and trial court to trial court. We should not truncate this valuable tool of appellate oversight which has evolved over centuries of common law jurisprudence and which is critical to the complete exercise of appellate jurisdiction. Art. V, §§ 3(b)(7), 4(b)(3), and 5(b), Fla. Const.
I dissent for the above reasons and would quash the decision below.
NOTES
[1] The authority of the district courts of appeal to issue writs of certiorari is derived from article V, section 4(b)(3) of the Florida Constitution.
[2] The defendant does not suffer the same prejudice because he always has the right of appeal from a conviction in which he can attack any erroneous interlocutory orders.
[3] From a practical standpoint, the state's ability to seek review of pretrial rulings by petition for certiorari may also inure to the benefit of some defendants. If the rule were otherwise, a trial judge, aware of the precariousness of the state's position, might decide to resolve all doubts in favor of the prosecution on the premise that the defendant can always have the action reviewed while the state cannot. Of course, the judge's order would ultimately come to the appellate court with a presumption of correctness. Therefore, the defendant could be prejudiced because the judge was bending over backward to keep from foreclosing the state's remedies.
[4] Of course, the district courts of appeal also have jurisdiction to review by certiorari final orders of circuit courts acting in their review capacity. Fla.R.App.P. 9.030(b)(2)(B).
[5] In view of the nature of certain of the police officer's reprimands which Pettis proposed to introduce, we do not agree with Justice Shaw that the trial judge's ruling was in direct conflict with an existing appellate decision.
[1] This paragraph draws heavily on two law review articles examining Florida's experience with certiorari review. Rogers & Baxter, Certiorari in Florida, 4 U.Fla.L.Rev. 477 (1951); Haddad, The Common Law Writ of Certiorari in Florida, 29 U.Fla.L.Rev. 207 (1977).
[2] This does not mean that we and the legislature should not continue to review and amend sections 924.07 and 924.071 and rules 9.130 and 9.140 in order to identify additional rulings from which the right of appeal is appropriate. For example, rule 9.140(c)(1)(B) permits appeals of orders suppressing evidence only if the evidence is obtained by search or seizure. This unnecessary restriction may result in irremediable harm. See, e.g., McPhadder v. State, 475 So.2d 1215 (Fla. 1985).
[3] See supra n. 1 at 257.
[4] Robinson v. State, 132 So.2d 3 (Fla. 1961). The extent of district court certiorari jurisdiction is governed generally by precedences previously applicable to this Court. Dresner v. City of Tallahassee, 164 So.2d 208 (Fla. 1964).
[5] In 1980, our certiorari review authority was deleted entirely from the constitution by substituting the more accurate description of discretionary authority. However, because the common law writ of certiorari was a part of the common law of England which was incorporated by statute into this state's law, this Court's certiorari power exists independently of the constitutional grant of jurisdiction. Kilgore v. Bird, 149 Fla. 570, 6 So.2d 541 (1942). See also 3 Fla.Jur.2d, Appellate Review, Part Two, Certiorari, § 461 and cases cited therein.
[6] In this connection, note also that the origin of the common law writ of certiorari is the supervisory authority of a higher court over a lower court. Harrison v. Frink, 75 Fla. 22, 77 So. 663 (1918).