ON MOTION TO DISMISS
DAUKSCH, Judge.
The defendant is charged with one count of unlawfully intercepting an oral communication and two counts of unlawfully disclosing the recorded communication under Chapter 934, Florida Statutes (1985). The state seeks review of an order which under the authority of section 934.09(9)(a) and section 934.06, Florida Statutes (1985) suppressed the contents of the recording and testimony of witnesses who heard the recording. The defendant challenges the state’s appeal by motion to dismiss and raises the question of whether this court has jurisdiction to review this case.
First, we agree with the appellee that this order is not reviewable under Rule 9.140(c)(1)(B), which requires that the evidence be obtained by search and seizure. The defendant made the tape recording of his conversation with another person and then played the tape recording for another group of people. Clearly the contents of the tape and the testimony of the witnesses who heard the tape was not evidence obtained by search and seizure. See McPhadder v. State, 475 So.2d 1215 (Fla. 1985) (recorded statement voluntarily made by informant, but unknown to defendant, was not obtained by search and seizure).
We agree, however, with the state that the motion to dismiss should not be granted. The supreme court has recently stated, and reaffirmed the law of this state, that common law writ of certiorari may be sought for review of non-final orders other than those prescribed in the Florida Rules of Appellate Procedure. State v. Pettis, 520 So.2d 250 (Fla.1988). The Pettis decision clearly holds that where the state’s ability to prosecute is effectively negated by the court’s order, a petition for certiora-ri is an appropriate remedy. The contents of the tape and the testimony of the witnesses are the substance of the state’s case against the defendant. Consequently, this court will take jurisdiction.
The defendant’s motion to dismiss is denied and this court will treat the state’s notice of appeal as a request for a writ of certiorari. The parties are ordered to proceed with the proper petition and response.
MOTION TO DISMISS DENIED.
COBB and DANIEL, JJ., concur.