550 So.2d 1122 (1989)
The STATE of Florida, Appellant,
v.
M.G., a Juvenile, Appellee.
No. 88-251.
District Court of Appeal of Florida, Third District.
March 14, 1989.
*1123 Robert A. Butterworth, Atty. Gen., and Debora J. Turner and Richard L. Polin, Asst. Attys. Gen., for appellant.
Bennett H. Brummer, Public Defender, and Bruce A. Rosenthal, Asst. Public Defender, for appellee.
Before HUBBART, BASKIN and FERGUSON, JJ.

ON MOTION TO DISMISS
BASKIN, Judge.
M.G. seeks dismissal of the state's appeal of an order suppressing evidence in a juvenile proceeding. The order appealed is a non-final order, e.g., State v. Palmore, 495 So.2d 1170 (Fla. 1986); State v. Campanponi, 424 So.2d 163 (Fla. 3d DCA 1983); see State v. Pettis, 520 So.2d 250 (Fla. 1988), which the district courts of appeal may review by interlocutory appeal as provided by rules adopted by the supreme court. Fla. Const. art. V, § 4(b)(1); see R.J.B. v. State, 408 So.2d 1048 (Fla. 1982); State v. Smith, 260 So.2d 489 (Fla. 1972). M.G. contends that the Florida Rules of Appellate Procedure do not authorize state appeals from non-final orders in juvenile proceedings. The state argues that section 39.145(1), Florida Statutes (1987), which grants the state the right to appeal orders suppressing evidence, and Florida Rule of Appellate Procedure 9.140(c)(1)(B), which permits state appeals from orders "suppressing before trial confessions, admissions or evidence obtained by search or seizure," provide authority for the state's appeal.
Although juvenile matters are criminal in nature, they are separate proceedings with goals which differ from those established in criminal matters. State v. C.C., 476 So.2d 144 (Fla. 1985). The goal of the Florida Juvenile Justice Act is rehabilitation rather than retribution. See § 39.001(2), Fla. Stat. (1985). The Act's procedures expedite the disposition of charges. State v. C.C., 476 So.2d at 146. Although the legislature's objective was the prompt resolution of juvenile matters, the legislature countenanced a limited delay when it enacted section 39.145(1), Florida Statutes (1987), permitting the state to appeal "a preadjudicatory hearing order ... suppressing a confession or admission made by a juvenile respondent." However, the Florida Supreme Court has held that "[a]ny statute purporting to grant interlocutory appeals is clearly a declaration of legislative policy and no more. Until and unless the Supreme Court of Florida adopts such statute as its own ... the purported enactment is void." State v. Smith, 260 So.2d at 491. Because the supreme court has not promulgated a rule permitting the state to appeal interlocutory suppression orders in juvenile proceedings, section 39.145(1), by itself, is an ineffective vehicle to sustain the state's appeal.
Florida Rule of Appellate Procedure 9.140 does not apply to juvenile cases. "Fla.R.App.P. 9.140(c) concerns only appeals from orders in `criminal cases'... . `criminal' cases do not include juvenile proceedings." State v. C.C., 449 So.2d 280, 281 (Fla.3d DCA 1983) (Schwartz, C.J., specially concurring), aff'd, 476 So.2d 144 (Fla. 1985). Cf. State v. Boatman, 329 So.2d 309, 312 (Fla. 1976) ("The procedural rights of juveniles and adults do differ... . [I]n McKeiver v. Pennsylvania, 403 U.S. 528, 91 S.Ct. 1976, 29 L.Ed.2d 647 (1971), ... [the] court held that no right to jury trial existed for a juvenile."). But cf. R.J.B., 408 So.2d at 1048 (supreme court approved fifth district opinion, R.J.B. v. State, 394 So.2d 126 (Fla. 5th DCA 1980), and held that where supreme court has not adopted a rule authorizing interlocutory review, review not available). Thus, the state has no *1124 right to appeal a pretrial order suppressing evidence in a juvenile proceeding.
Alternatively, the state proposes that we treat its notice of appeal as a petition for writ of certiorari. See Fla.R. App.P. 9.040(c). We approve that recommendation. In State v. Pettis, 520 So.2d 250, 253 (Fla. 1988), the supreme court held that when rule 9.140 does not provide the state a right to appeal a pretrial evidentiary order, and thereby impairs the state's ability to prosecute, the district courts of appeal may entertain the state's petition for writ of certiorari. See State v. Brea, 530 So.2d 924 (Fla. 1988). The court noted that without this avenue of review, the state would be unable to correct an erroneous and highly prejudicial ruling. Pettis. In accordance with the rationale set forth in Pettis, we hold that sound policy reasons dictate that the state be permitted to seek certiorari review of pretrial orders excluding evidence in a juvenile proceeding. It is often the case that exclusion of evidence impedes the state's ability to prosecute a juvenile. Furthermore, this avenue of review does not interfere with the expeditious handling of juvenile cases. "Very little delay is involved because the petitions are usually denied on their face as not demonstrating a departure from the essential requirements of law." Pettis, 520 So.2d at 253.
For these reasons, we treat the state's notice of appeal as a petition for writ of certiorari and afford the state an opportunity to submit a petition demonstrating that the trial court's ruling constituted a departure from the essential requirements of law.