557 So.2d 907 (1990)
STATE of Florida, Appellant,
v.
Renwick KEEL, Appellee.
No. 89-42.
District Court of Appeal of Florida, First District.
March 5, 1990.
Rehearing Denied March 27, 1990.
Robert A. Butterworth, Atty. Gen. and Gypsy Bailey, Asst. Atty. Gen., Tallahassee, for appellant.
Michael E. Allen, Public Defender and Carl S. McGinnes, Asst. Public Defender, Tallahassee, for appellee.
ZEHMER, Judge.
We treat the state's appeal from the lower court's order suppressing identification testimony as a petition for certiorari, and grant review under our certiorari jurisdiction in accordance with State v. Pettis, 520 So.2d 250 (Fla. 1988). See State v. Arriagada, 518 So.2d 918 (Fla. 1988), affirming in part and quashing in part, State v. Arriagada, 508 So.2d 1247 (Fla. 3d DCA 1987). Upon consideration of the merits, we conclude that the trial court was not required by any rule or statute to set forth detailed findings of fact in the written order granting the motion to suppress. While it is preferable for the trial court to set forth such findings, the failure to do so does not rise to the standard set forth in Pettis. We conclude that the record before us fails to demonstrate that the lower court's ruling constituted a departure from the essential requirements of law. See e.g., Judd v. State, 402 So.2d 1279 (Fla. 4th DCA 1981); M.J.S. v. State, 386 So.2d 323 *908 (Fla. 2d DCA 1980). In State v. Pettis, this court stated
While some pretrial evidentiary rulings may qualify for certiorari, it must be remembered that the extraordinary writ is reserved for those situations where "there has been a violation of a clearly established principle of law resulting in a miscarriage of justice."
520 So.2d at 254. The state has not carried that burden in this case.
AFFIRMED.
THOMPSON and BARFIELD, JJ., concur.