DAUKSCH, Judge,
dissenting.
I respectfully dissent.
The trial judge heard the testimony of one witness and made his ruling based upon that evidence alone. No factual findings were expressed so we are without a clue as to the basis for the ruling. It could be that the judge did not believe the witness and granted the motion on that basis. If so, then this court cannot disturb the ruling — factual determinations are solely that judge’s province. I venture to guess that all experienced trial judges sometimes do not believe some testimony and thus rule on that basis without directly saying the witness was not believed. Given that that is entirely possible here, I think we are bound to affirm.
Whether defense counsel “accepted Bag-ley’s testimony” (mentioned by the majority in footnote 2) is not the question. For this court to decide is whether the record establishes that the trial judge erred. He ruled that the evidence should be suppressed. He does not have to state his reasons or his findings. State v. Keel, 557 So.2d 907 (Fla. 1st DCA 1990). His ruling is presumed correct. Savage v. State, 588 So.2d 975 (Fla.1991); Bonilla v. State, 579 So.2d 802 (Fla. 5th DCA 1991). We are bound to uphold his ruling.