616 So.2d 1132 (1993)
The STATE of Florida, Appellant,
v.
Kevin GAITER, Appellee.
No. 92-1351.
District Court of Appeal of Florida, Third District.
April 13, 1993.
Robert A. Butterworth, Atty. Gen., and Roberta G. Mandel, Asst. Atty. Gen., for appellant.
Bennett H. Brummer, Public Defender, and Howard K. Blumberg, Asst. Public Defender, for appellee.
Before BARKDULL, JORGENSON and GODERICH, JJ.
PER CURIAM.
The State appeals from an order denying the Defendant's motion in limine to exclude statements which the Defendant argued were highly prejudicial. The trial court found the statements to be probative, but redacted racial slurs contained in the statements. We treat the State's appeal as a petition for a writ of certiorari. See State v. Pettis, 520 So.2d 250 (Fla. 1988) (recognizing that if nonfinal order does not involve grounds for appeal under Florida Rule of Appellate Procedure 9.140(c)(1), the state may petition for a writ of certiorari); State v. Keel, 557 So.2d 907 (Fla. 1st DCA 1990) (holding that district courts have the power to treat improperly filed appeals as petitions for writ of certiorari).
*1133 The trial court did not abuse its discretion in ruling that the probative value of the racial slurs was substantially outweighed by the danger of unfair prejudice. See State v. Zenobia, 614 So.2d 1139 (Fla. 4th DCA 1993) (court reluctant to reverse trial judge's factual ruling that even if evidence was relevant its prejudicial value outweighed its probative value). We find no departure from the essential requirements of the law and thus deny the petition.