WEBSTER, J.
The state seeks certiorari review of an order granting a criminal defendant’s motion in limine to prevent the state from offering at trial on charges of sexual battery on children less than 12 years of age “[s]imilar fact evidence of other crimes, wrongs, or acts” pursuant to section 90.404(2) of the Florida Evidence Code. We have jurisdiction. Fla. R.App.P. 9.030(b)(2)(A). See State v. Pettis, 520 So.2d 250 (Fla.1988). Because the trial court applied the wrong law and, thereby, violated a clearly established principle of law, we grant the petition.
As a general rule, “[t]o minimize the risk of a wrongful conviction, ... similar fact evidence must meet a strict standard of relevance. The charged and collateral offenses must be not only strikingly similar, but they must also share some unique characteristic or combination of characteristics which sets them apart from other offenses.” Heuring v. State, 513 So.2d 122, 124 (Fla.1987). However, in cases charging sexual offenses against child victims, “when the collateral sex crime and the charged offense both occur in the familial context, ... the strict similarity in the nature of the offenses and the circumstances surrounding their commission which would be required in cases occurring outside the familial context is relaxed.” Saffor v. State, 660 So.2d 668, 672 (Fla.1995). In such cases, while there must be some showing of similarity in addition to the fact that both the offense charged and the collateral crime occurred in a familial context for the collateral sex crime evidence to be admissible, a showing of “striking similarity” is not required. Id.
Here, the offenses charged and the collateral crime are both alleged to have occurred in a familial context. It appears from the transcript of the hearing at which the trial court considered and ruled on the motion in limine that, notwithstanding the fact that the attorneys correctly argued the controlling law, the trial court granted the motion based upon its conclusion that *404 the acts alleged in the information and the similar fact evidence were not “strikingly similar.” In basing its decision upon the wrong law, the trial court departed from the essential requirements of law. Unless corrected, the erroneous ruling will cause material injury to the state, and will not be susceptible to correction by appeal following the entry of a final judgment because an acquittal would preclude the state from seeking review. Accordingly, we grant the petition for a writ of certiorari; reverse the order granting the motion in limine; and remand to the trial court with directions that it again consider that motion, subject to the correct law.
CERTIORARI GRANTED; REVERSED and REMANDED, with directions.
BOOTH and JOANOS, JJ., CONCUR.