PER CURIAM.
April Callins has filed a petition for writ of certiorari seeking to quash a trial court order denying her motion for a statement of particulars. Because this court is without jurisdiction, we dismiss the petition.
By an amended information, the state has charged Callins with felony driving with a suspended license, contrary to sections 322.34(5) and 322.264, Florida Statutes (1999). Callins moved for a statement of particulars under Florida Rule of Criminal Procedure 3.140(n). The trial court denied the motion.
As her basis for jurisdiction, Callins cites Bartlett v. Hamwi, 626 So.2d 1040 (Fla. 4th DCA 1993). Bartlett is distinguishable, since it involved a non-party witness’s request for certiorari review of an order requiring the witness to provide hair samples. In that case, it was obvious that the non-party witness did not have a right to appellate review. See Katlein v. State, 731 So.2d 87 (Fla. 4th DCA 1999) (involving disclosure of witness’s mental health and substance abuse records).
In State v. Pettis, 520 So.2d 250 (Fla.1988), the supreme court recognized the state’s right to petition for certiorari to review certain pretrial orders in criminal cases. The court reasoned that an appellate court’s authority to entertain some state petitions in criminal cases is important to the fair administration of criminal justice. See id. at 253. Without such review, the state would be totally deprived of the right of appellate review of orders which effectively negate its ability to prosecute. See id.
Significantly, the supreme court noted in Pettis that a defendant does not suffer the same prejudice, because a defendant always has a right of appeal from a conviction in which he or she can attack any interlocutory order. See id. at 253 n. 2. If convicted in this case, Callins can attack the interlocutory order in her appeal. Thus, because there is no irreparable injury to the petitioner that cannot be corrected on final appeal, we dismiss the petition. See Bared & Co. v. McGuire, 670 So.2d 153, 157 (Fla. 4th DCA 1996).
DELL, GROSS, and HAZOURI, JJ., concur.