RAMIREZ, J.
(dissenting).
I respectfully dissent. I fail to see what legal principle the trial court violated, let alone a clearly established one, when it refused to reconsider an order that it had entered over a year before pursuant to the State’s agreement.
Ernest Mendez was arrested on March 2, 2000. After two State continuances, on October 11, 2000, the court gave the prosecutor the option of either releasing Mendez on bond or excluding the two witnesses who could not be served because they lived in a gated community.[5] The court explained that it could not issue a rule to show cause without service. The State urged the court to exclude the witnesses rather than release Mendez on bond. The State assured the judge that it could proceed without those witnesses.
A year later, the State filed a motion to reconsider. Without any explanation, elaboration or apology, the State alleged that the witnesses “are currently available to testify for a deposition and/or trial.”[6] The record does not show that the State has ever filed an amended discovery, so we are left to surmise that the witnesses have been living at the same gated community for the last twelve months while Mendez languished in jail, but they are now ready “to testify for a deposition and/or trial.”
At the hearing on the motion to reconsider on November 15, 2001, the trial court was understandably frustrated with the State, which now argued that it could not proceed without these witnesses and that by denying the motion to reconsider, the court was in effect dismissing the case. Again, no explanation was proffered as to where these witnesses had been during the preceding twelve months, or how they had become indispensable to the case when, a year earlier, the State had represented to the court that Mendez should remain incarcerated because it could proceed without those witnesses. The State simply stated that “we are in contact and they are available.” The majority, however, has no problem with the State’s credibility and is willing to reverse the trial court on the State’s representation that the witnesses are now available. The majority does not explain how Mendez is now in a better position to serve these witnesses than he was in October, 2000. Presumably, the State will be unwilling to produce the witnesses as it has no responsibility to do so.
The majority opinion also relies heavily on the fact that the State agreed to the *1119 exclusion of the witnesses with the caveat “if we do find them and can provide them to counsel, we can address it.” Neither the motion to reconsider nor the record indicate that the witnesses were “found” nor that they were provided to counsel. In any event, the judge “addressed” the issue.
Noticeably absent from the majority opinion is any discussion of our standard of review. This comes to us by petition for writ of certiorari, an extraordinary proceeding for which the State must demonstrate that the trial court’s order amounts to a violation of a clearly established principle of law, resulting in a miscarriage of justice. See State v. Sowers, 763 So.2d 394, 399 (Fla. 1st DCA 2000); State v. Pettis, 520 So.2d 250, 254 (Fla.1988). In my opinion, the only miscarriage of justice is the majority’s decision today and I would therefore deny the petition for writ of certiorari.

. Unlike the majority, I cannot find anything in the record to indicate that the witnesses moved from the gated community.

. The majority opinion states that the two witnesses "were located.” I have carefully reviewed the record and the transcripts and I do not find any such representation other than the statement that the witnesses are "currently available to testify for a deposition and/or trial,” and the statement by the prosecutor that "we are in contact” with the witnesses.