ON MOTION FOR REHEARING

PER CURIAM.
Respondent Foskie McCord has filed a motion for rehearing of this court’s opinion on motion to stay mandate pending review in State v. McCord, 27 Fla. L. Weekly D 1207 (Fla. 4th DCA May 22, 2002). We grant rehearing in part and deny it in part, withdraw that opinion and substitute this one in lieu thereof:
The state challenges by petition for writ of certiorari the trial court’s order denying the state’s motion to take blood, hair and saliva samples from McCord in a pending criminal prosecution. It also challenges an earlier trial court order which granted a defense motion to suppress in the same case, but it is time-barred from challenging it here. Certiorari review of the earlier order is, therefore, sua sponte dismissed as untimely.
As for the latter order, we grant certio-rari review. We find that the State has demonstrated irreparable harm See State v. Pettis, 520 So.2d 250 (Fla.1988). We also find that the trial court departed from the essential requirements of law insofar as it relied on this court’s State v. Rutherford, 707 So.2d 1129 (Fla. 4th DCA 1997), rev. denied, 718 So.2d 171 (Fla.1998). First of all, the Supreme Court decision in State v. Johnson, 814 So.2d 390 (Fla.2002) disapproved of Rutherford to the extent that it applied the exclusionary rule any time the state failed to comply with the statute, without regard to whether the state made a good faith effort to comply with the statute. Secondly, the trial court erroneously relied on Rutherford because it concerned section 395.3025(4), Fla. Stat. (1999) and its provisions for patient and personnel records. This case concerned a saliva sample obtained by a detective under false pretenses. It did not fall under the provisions of that statute. Furthermore, to the extent that the trial court inferred from those cases involving the statute a broader authority for future exclusion of the discovery sought as a' sanction against the government, the decision in Johnson would appear to foreclose that inference.
The trial court expressly stated in the order denying the State’s motion to take samples that it would not address the merits of the State’s probable cause argument due to its reliance on Rutherford. Insofar as this reliance has now been shown to have been misplaced, we remand this cause to the trial court for this and any other necessary determination.
The order under review is quashed and the cause remanded for further proceedings.
POLEN, C.J., FARMER and TAYLOR, JJ., concur.