861 So.2d 530 (2003)
STATE of Florida, Petitioner,
v.
Yasmin SEALY-DOE, Respondent.
No. 4D03-4526.
District Court of Appeal of Florida, Fourth District.
December 31, 2003.
*531 Charles J. Crist, Attorney General, Tallahassee, and Melynda L. Melear, Assistant Attorney General, West Palm Beach, for petitioner.
No response required for respondent.
KLEIN, J.
The state seeks a writ of certiorari to quash a pretrial order indicating that the trial court would admit a sworn written statement given to the police by a witness who could not be located in order to testify at trial. We have the authority to grant such a writ where the state establishes a violation of a clearly established principle of law, resulting in a miscarriage of justice, if the pretrial ruling substantially impairs the state's ability to bring its case. State v. Pettis, 520 So.2d 250 (Fla.1988).
In this case the witness had said in her statement that the alleged victim, Sidney Fertil, had told her he was the one who had committed the crime, hoping to frame the defendant and eliminate the defendant as a witness against him in a criminal prosecution. Fertil was prepared to testify at the hearing on the motion in limine that he had not made the statement to the missing witness. The state was also prepared to attack the reliability of the statement with the testimony of the detective to whom the statement was given.
The trial court decided that it would admit the sworn statement of the missing witness, based on Chambers v. Mississippi, 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973) (due process can, under some circumstances, require a relaxation of the rules of evidence in order to admit evidence vital to a criminal defendant's defense). The trial court determined that the statement would be admissible over the state's hearsay objection, finding that the statement was critical to the defense, and taken under circumstances that would support its reliability. The state would be permitted to attack the statement's reliability at trial.
We need not address whether this ruling violates a clearly established principle of law resulting in a miscarriage of justice, because we conclude that the ruling does not, as Pettis requires, substantially impair the state's ability to bring its case. Pettis, 520 So.2d at 253. We therefore dismiss for lack of certiorari jurisdiction.
GROSS and TAYLOR, JJ., concur.