PER CURIAM.
Appellant was found guilty by a jury of conspiracy to commit a felony and grand larceny by staging an automobile accident after which the participants made planned and fraudulent claims. On this appeal, appellant’s main thrust is that the court should have granted his motion for severance because of the holding of the Supreme Court of the United States in Bruton v. U. S., 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). Our review of the record in the light of this argument shows that no prejudice resulted to the appellant. See Johnson v. State, 355 So.2d 143 (Fla. 3d DCA 1978); and Ballard v. State, 323 So.2d 297 (Fla. 3d DCA 1975).
Appellant’s point directed to the introduction of the accident report was not error inasmuch as Section 316.066(4), Florida Statutes (1977), is not applicable to a *819 staged collision which was not, under any consideration, an accident. Even if the report should be determined to have been inadmissible, we would hold that such an error was harmless in the present instance where there was no prejudice to the appellant and there was overwhelming evidence of guilt. Cf. McKissack v. State, 243 So.2d 14 (Fla. 3d DCA 1971).
The other points presented by the appellant have been examined in the light of the briefs and oral argument and have been found not to present reversible error.
Affirmed.