626 So.2d 691 (1993)
STATE of Florida, Petitioner,
v.
Robert Garner JETT, Respondent.
No. 80663.
Supreme Court of Florida.
November 10, 1993.
*692 Robert A. Butterworth, Atty. Gen., and Belle B. Turner, Asst. Atty. Gen., Daytona Beach, for petitioner.
James B. Gibson, Public Defender, and Larry B. Henderson, Asst. Public Defender, Seventh Judicial Circuit, Daytona Beach, for respondent.
PER CURIAM.
We have for review the following questions certified to be of great public importance:
(1) DOES SECTION 415.512 ABROGATE THE PSYCHOTHERAPIST-CLIENT PRIVILEGE FOR COMMUNICATIONS BETWEEN THE THERAPIST AND CHILD IN ALL SEXUAL BATTERY CASES WITHOUT REGARD TO WHETHER OR NOT THE ALLEGED BATTERER IS A PERSON RESPONSIBLE FOR THE CHILD'S WELFARE AS DEFINED BY SECTIONS 415.503(3) AND (11) 7.(2), OR
(2) DOES THE ABROGATION OF THE PRIVILEGE ONLY APPLY TO CASES INVOLVING "PERSONS RESPONSIBLE FOR A CHILD'S WELFARE" AS DEFINED BY SECTIONS 415.503(3) AND (11), AND IF SO LIMITED TO SUCH PERSONS, IS THE PRIVILEGE ABROGATED IN ALL SEXUAL BATTERY CASES SUCH AS RAPE AND LEWD ASSAULT WHICH INVOLVES SUCH PERSONS AS BATTERERS WITHOUT REGARD TO WHETHER THE JUDICIAL PROCEEDING RELATES TO CHILD ABUSE OR NEGLECT?
Jett v. State, 605 So.2d 926, 928, 931 (Fla. 5th DCA 1992). We rephrase the questions as follows:
DOES SECTION 415.512, FLORIDA STATUTES (1991), WAIVE THE PSYCHOTHERAPIST-CLIENT PRIVILEGE ONLY AS TO PROCEEDINGS BROUGHT UNDER FLORIDA'S CHILD ABUSE OR NEGLECT STATUTES, CHAPTER 39 AND SECTION 827.07(8), FLORIDA STATUTES (1991)?
We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
Robert Garner Jett was tried and convicted of various sexual crimes committed on his three nieces while he was babysitting them. None of the charges against him included as a necessary element child abuse or neglect. He was sentenced to two concurrent life terms. At trial, Jett was not permitted to question a psychotherapist and psychologist about their communications with two of the three children. The State contends that a proper objection was not raised as to this issue at trial.[1] On appeal, Jett argued that his right to confront adverse witnesses was violated by the trial court's actions.
A divided Fifth District sitting en banc found error on this issue. The majority held that the psychotherapist-patient privilege in this context had been abrogated by the plain language of section 415.512, Florida Statutes (1991). That being the case, the majority concluded that Jett had a right to discover and use the communications between the psychotherapists and his nieces. Jett v. State, 605 So.2d 926, 928 (Fla. 5th DCA 1992). A dissent argued that the better view was to limit the waiver only to those proceedings brought under statutes specifically dealing with child abuse or neglect. The State identifies these as proceedings brought under chapter 39 and section 827.07(8), Florida Statutes.
Section 415.512, Florida Statutes (1991), states in pertinent part:
The privileged quality of communication ... between any professional person and his patient or client . .. shall not apply to any situation involving known or suspected child abuse or neglect and shall not constitute grounds for failure to report as required by [law] ... or failure to give evidence *693 in any judicial proceeding relating to child abuse or neglect.
Section 415.503(3), Florida Statutes (1991), defines "child abuse or neglect" to mean
harm ... to a child's physical or mental health or welfare by the acts ... of a parent, adult household member, or other persons responsible for the child's welfare, or, for purposes of reporting requirements, by any person.
We agree with the majority below that this language is unambiguous. It is a settled rule of statutory construction that unambiguous language is not subject to judicial construction, however wise it may seem to alter the plain language. While the dissent's view below has much to commend it, we find that the decision whether or not to engraft that view into the Florida Statutes is for the legislature. We trust that if the legislature did not intend the result mandated by the statute's plain language, the legislature itself will amend the statute at the next opportunity.
We answer the rephrased question in the negative. We find that the waiver of the privilege in this context reaches to any proceeding involving an action or offense that meets the statutory definition of child abuse or neglect, whether or not child abuse or neglect is a necessary element of that action or offense. Accordingly, the decision below is approved.
It is so ordered.
BARKETT, C.J., and OVERTON, SHAW, GRIMES and HARDING, JJ., concur.
KOGAN, J., dissents with an opinion.
McDONALD, J., dissents.
KOGAN, Justice, dissenting.
At first blush, the majority's view seems reasonable on its face. Yet, I think it worth noting that the majority ignores other rules of statutory construction that, to my mind, are more pertinent to the problem at issue here. For example, this Court consistently has ignored what appears to be the plain language of Florida's Worker's Compensation statute. Why?
As the Court often has noted, our obligation is to honor the obvious legislative intent and policy behind an enactment, even where that intent requires an interpretation that exceeds the literal language of the statute. E.g., State v. Webb, 398 So.2d 820 (Fla. 1981).
Byrd v. Richardson-Greenshields Securities, Inc., 552 So.2d 1099, 1102 (Fla. 1989).
I see very little to distinguish the situations we have confronted in the Worker's Compensation statute from the one we face today. Indeed, I think the rule we can distill from Byrd is one directly relevant to the present case: Ambiguity is created if the literal language of a statute conflicts with the obvious legislative intent and policy behind an enactment. I think the majority opinion below itself acknowledges that such an ambiguity exists here. That being the case, I would apply what both the majority and dissent below took to be the better approach, and I would restrict the waiver of immunity to those situations contemplated by Judge Sharp's dissent. Accordingly, I would answer the rephrased certified question in the affirmative.
NOTES
[1] We disagree with the State in this regard. The defense requested discovery and argued that no proper predicate had been laid for introduction of the allegedly privileged testimony. That was sufficient to preserve the issue.