684 So.2d 856 (1996)
William Larry RUSHING, Appellant,
v.
STATE of Florida, Appellee.
No. 96-1396.
District Court of Appeal of Florida, Fifth District.
December 13, 1996.
James B. Gibson, Public Defender, and Nancy Ryan, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Allison Leigh Morris, Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
Rushing was charged with two counts of forgery[1] and one count of obstructing an officer in the lawful execution of a legal duty[2] for signing a friend's name to two traffic tickets. He argues on appeal that his crime was merely the misdemeanor offense of making a false official statement in writing under section 837.06, Florida Statutes (1993), *857 not forgery, the crime of which he was convicted. We affirm.
Section 831.01, Florida Statutes (1995), defines the crime of forgery as follows:
Whoever falsely makes, alters, forges or counterfeits a public record, or a certificate, return or attestation of any clerk or register of a court, public register, notary public, town clerk or any public officer, in relation to a matter where such certificate, return or attestation may be received as legal proof; or a charter, deed, will, testament, bond, or writing obligatory, letter of attorney, policy of insurance, bill of lading, bill of exchange or promissory note, or an order, acquittance, or discharge for money or other property, or an acceptance of a bill of exchange or promissory note for the payment of money, or any receipt for money, goods, or other property, or any passage ticket, pass or other evidence of transportation issued by a common carrier, with intent to injure or defraud any person, shall be guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
Under this statute, a conviction for forgery requires the making of a writing which falsely purports to be the writing of another. See State v. Escobedo, 404 So.2d 760 (Fla. 3d DCA 1981), review denied, 412 So.2d 464 (Fla.1982). The writing must be made with intent to injure or defraud any person. Id. Finally, the instrument must have some legal efficacy. Id.
We conclude that signing another's name to a traffic citation does constitute the offense of forgery. A defendant's signature on a traffic ticket seems to operate as an appearance bond, so signing another's name on a ticket would be forgery. See § 318.14, Fla. Stat. (1993) ("Except as provided in s. 316.1001(2) [pertaining to toll roads], any person cited for an infraction under this section must sign and accept a citation indicating a promise to appear."); Nikolic v. State, 439 So.2d 828 (Ala.Crim.App.1983) (stating in dicta that a traffic ticket would support a conviction for forgery because the ticket serves as an appearance bond once the defendant has signed it). The ticket also operates to establish that a defendant has received notice of the hearing. Holding that signing a false name on a traffic ticket constitutes forgery also appears to be consistent with Davis v. State, 111 So.2d 459 (Fla. 1st DCA 1959), where the First District held that signing a false name to an appearance bond issued by a bonding company constitutes the offense of forgery.[3] Moreover, prosecuting the offenses as the felony of forgery, even if the same conduct is treated as a misdemeanor by a separate statute, is permissible. See State v. Cogswell, 521 So.2d 1081 (Fla.1988).[4]
AFFIRMED.
PETERSON, C.J., and GRIFFIN and ANTOON, JJ., concur.
NOTES
[1] § 831.01, Fla. Stat. (1993).
[2] § 843.02, Fla. Stat. (1993).
[3] See also Thornton v. State, 636 N.E.2d 140 (Ind.Ct.App.1994) (defendant who signed name of another on fingerprint card made at time of arrest committed forgery, where signature was made with intent to defraud by concealing defendant's true identity and criminal record); Charles E. Tocia, 4 Wharton's Criminal Law § 496 (1981) (one who signs another's name commites forgery).
[4] Independent of this analysis, we also find the evidence sufficient to sustain Rushing's conviction for obstructing an officer in the lawful execution of a legal duty.