OVERTON, Justice.
Stevie Willis petitions this Court for a writ of habeas corpus, arguing that his right to meaningful appellate review has been denied. We have jurisdiction. Art. V, § 3(b)(9), Fla. Const. For the reasons expressed, we grant the petition.
Willis was arrested in January 1996. He was found to be insolvent and a public defender was appointed to represent him at his trial. Willis was found guilty of possession of cocaine with intent to sell and, on August 20, 1996, he was sentenced to thirty-five months in prison. He filed a timely notice of appeal and moved the trial court for a second order of insolvency applicable to his appeal. The Gadsden County Circuit Court appointed a public defender to represent Willis on his appeal, but ordered Willis to pay the appellate filing fee and the costs of the trial transcripts. The relevant wording of the order is as follows:
ORDERED AND ADJUDGED that the Office of the Public Defender, be and he is hereby appointed to represent the defendant on his appeal in this cause.
It is further ORDERED AND ADJUDGED that the defendant, is without funds to pay the costs of his appeal and that Gadsden County, Florida, shall bear any and all costs necessary and incident to the prosecution of this appeal for the defendant, except for transcript costs and the appellate filing fee.
(Emphasis added.) Nothing in the record reflects that Willis had the present ability to pay those costs.
The First District Court of Appeal dismissed the appeal when Willis failed to pay the $250 filing fee. Willis then filed a financial affidavit showing that he had only $25.63 in his prison account, and he twice petitioned the district court to reinstate his appeal. The district court reinstated the appeal and directed the trial court to reconsider Willis’s insolvency status. Upon reconsideration, the trial court reiterated its prior order of partial insolvency, finding Willis to be insolvent for the purpose of hiring appellate counsel, but finding him to be solvent for the purpose of paying the appellate filing fee and the costs of the transcripts. In doing so, the trial court explained that Willis’s financial affidavit, although sworn to and subscribed before a notary public, was not signed and sworn to under penalty of peijury and,'therefore, it was invalid; that Willis was unresponsive in *941 answering the questions on the financial affidavit regarding his financial situation; and, finally, that because Willis “was not homeless, destitute or totally without assets” before his arrest and because he was a known and convicted drug dealer, he must produce “credible evidence to support the proposition that he was then or now totally insolvent.” Again, there is nothing in the trial court record that shows this defendant had the ability to pay the filing fee and the transcript costs.
Pursuant to the trial court’s order, the district court again required Willis to pay the filing fee to maintain the appeal in that court. Willis then filed this petition asking this Court to issue a writ of habeas corpus so that he may pursue his right to appeal the trial court’s conviction and sentence on the merits. The district court has stayed Willis’s appeal pending our review of the petition.
Florida Rule of Appellate Procedure 9.430 governs proceedings by indigents. It provides, in pertinent part:
A party who has the right to seek review without payment of costs shall file a motion in the lower tribunal, with an affidavit showing the party’s inability either to pay fees and costs or to give security therefor.... If the motion is denied, the lower tribunal shall state in writing the reasons therefor. Review shall be by motion filed in the court.
(Emphasis added.)
Without discussing whether the trial court’s reasons are sufficient to comply with rule 9.430, we find it difficult, if not illogical, to conclude that the trial court could find the financial affidavit in this ease to be valid and sufficient to prove that Willis was insolvent for the purpose of hiring appellate counsel but find the affidavit to be invalid and insufficient to prove that he was insolvent for the purpose of paying the filing fee and the transcript costs. If a financial affidavit was properly executed for the purpose of granting the defendant public assistance of counsel, it necessarily follows that the affidavit was properly executed for all purposes. While a defendant may be found indigent for the purpose of receiving public assistance of counsel, yet solvent to pay other costs and fees, the record must justify the order of partial indigency. Merely noting that a defendant is a convicted drug dealer and not homeless is not, in our view, a sufficient justification for declaring that person to be solvent to pay filing fees and other costs.
Willis has a constitutional right to appeal his criminal conviction. Art. V, § 4(b), Fla. Const. The First District Court of Appeal’s refusal to accept Willis’s appeal was not justified upon this record.
Accordingly, we grant the petition. Because we believe the district court will fully comply with the dictates of this opinion and proceed with the appeal on the merits, we withhold issuance of the writ.
It is so ordered.
KOGAN, C.J., SHAW, HARDING, WELLS and ANSTEAD, JJ., and GRIMES, Senior Justice, concur. '