747 So.2d 1006 (1999)
ADOPTION BY CHOICE, INC., Appellant,
v.
In re The Interest of X.Z.C., a minor child, Appellee.
No. 99-01751.
District Court of Appeal of Florida, Second District.
December 8, 1999.
Gregory F. Boyer, Tampa, for Appellant.
John W. Gardner, P.A., Brandon, for Appellee.
CAMPBELL, Acting Chief Judge.
Appellant challenges the trial court order vacating the final judgment of termination of parental rights. We find no merit in appellant's argument that appellee/maternal grandmother was not entitled to notice of the termination proceedings and affirm.
The petition for termination was filed based upon the duly executed surrenders of the natural parents. The trial judge set aside the final order terminating parental rights on the basis that the maternal grandmother was entitled to notice under section 39.801(3)(a), Florida Statutes (Supp.1998), as the child had lived with her for at least six months, the length of time specified in the statute. We agree.
Section 39.801(3)(a)5, Florida Statutes (Supp.1998), provides that any grandparent entitled to priority for adoption under section 63.0425 must be personally served with a copy of the petition to terminate parental rights and given notice of the date, time, and place of the advisory hearing on the petition. Section 63.0425, Florida Statutes (1997), provides that a grandparent be provided with notice when his or her grandchild is placed for adoption if the child has "lived with" the grandparent for at least six months. In the instant case, it is undisputed that the child resided with the maternal grandmother for the requisite amount of time.
*1007 While appellant argues that legislature intended the term "lived with" to mean something more than the grandchild residing in the same home with a grandparent who provides gratuitous support to the family, we conclude that the term is not ambiguous and should be afforded its plain meaning. See State v. Jett, 626 So.2d 691 (Fla.1993). The statute only requires that the child live with the grandparent for at least six months. It does not require that the child reside "solely" with the grandparent in the grandparents' residence. Because this requirement was met in the instant case, the maternal grandmother should have received notice of the termination proceedings. Accordingly, the trial court's action in vacating the final judgment of termination of parental rights was proper and we therefore affirm.
PARKER and WHATLEY, JJ., Concur.