812 So.2d 595 (2002)
Richard L. DIXON, Appellant,
v.
STATE of Florida, Appellee.
No. 1D00-3636.
District Court of Appeal of Florida, First District.
April 4, 2002.
Nancy A. Daniels, Public Defender and David P. Gauldin, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General, Karen Armstrong and Douglas T. Squire, Assistant Attorneys General, Tallahassee, for Appellee.
PER CURIAM.
Richard L. Dixon appeals his convictions for forgery of a written instrument and driving without a valid driver's license. He argues that the trial court erred in denying his motion in limine by which he sought to exclude, on the authority of section 316.650(9), Florida Statutes (2000), the admission into evidence of a traffic citation issued to him. Because the language of section 316.650(9) unambiguously provides that traffic citations are not admissible in any trial, we must reverse.
Upon being stopped by a police officer following the commission of several traffic infractions, appellant provided a false *596 name to the officer. That name was placed on the traffic citation, which appellant signed using the false name. When it was learned that appellant gave a false name, he was charged with forgery under section 831.01 and driving without a valid driver's license. By his motion in limine, appellant sought to preclude the admission of the traffic citation into evidence. The trial court denied the motion, finding that the legislature could not have intended the exclusion of a traffic citation when the execution of the citation is the basis of the offense at trial. Appellant thereafter entered a plea of nolo contendere, reserving the right to appeal the issue of whether it was error to admit the traffic citation into evidence. The trial court expressly found that the evidentiary ruling on the motion in limine was dispositive of the case and the state has not asserted below or on appeal that this evidentiary ruling was not dispositive.
Florida courts have recognized that signing another person's name to a traffic citation constitutes a forgery. See Rushing v. State, 684 So.2d 856 (Fla. 5th DCA 1996). Nevertheless, section 316.650(9) provides that a traffic citation "shall not be admissible evidence in any trial." The statute contains no exceptions to this clear and unambiguous prohibition. It is a well-established principle of statutory interpretation that an unambiguous statute is not subject to judicial construction, no matter how wise it may seem to alter the plain language of the statute. State v. Jett, 626 So.2d 691, 693 (Fla.1993). "Moreover, `[e]ven where a court is convinced that the legislature really meant and intended something not expressed in the phraseology of the act, it will not deem itself authorized to depart from the plain meaning of the language which is free from ambiguity.'" St. Petersburg Bank & Trust Co. v. Hamm, 414 So.2d 1071, 1073 (Fla.1982)(quoting Van Pelt v. Hilliard, 75 Fla. 792, 78 So. 693 (1918)). Further, although courts may interpret a statute to give effect to discernable legislative intent even though such intent may contradict the strict language of the statute, see Vildibill v. Johnson, 492 So.2d 1047, 1049 (Fla.1986), here we have been presented with no basis to discern a legislative intent contrary to the unambiguous language of section 315.650(9).
Courts should go behind the unambiguous meaning of the words in a statute only when "an unreasonable or ridiculous conclusion" would result from failure to do so. Holly v. Auld, 450 So.2d 217, 219 (Fla.1984). While following the unambiguous mandate of section 315.650(9) will make convictions for forgery of a traffic citation more difficult, the application of the plain and ordinary meaning of the words of the statute do not lead to either an unreasonable or ridiculous result. See Corfan Banco Asuncion Paraguay v. Ocean Bank, 715 So.2d 967, 970 (Fla. 3d DCA 1998). As the Florida Supreme Court stated in Jett:
We trust that if the legislature did not intend the result mandated by the statute's plain language, the legislature itself will amend the statute at the next opportunity.
626 So.2d at 693.
Accordingly, in view of the absolute mandatory terms of section 316.650(9), we conclude that the trial court erred in denying appellant's motion. The appellant's conviction for forgery is REVERSED, and, because the evidentiary ruling was deemed dispositive of this case, the cause is REMANDED with directions to discharge appellant.
REVERSED and REMANDED.
ALLEN, C.J. and VAN NORTWICK, J., concur and POLSTON, J., dissents with written opinion.
*597 POLSTON, J., dissenting.
I respectfully dissent because I would not apply section 316.650(9), Florida Statutes (2000) to the forged traffic citation. After it was discovered that Appellant had given a false name, he was charged by information with forgery under section 831.01, Florida Statutes (2000), and driving without a valid driver's license. The record does not indicate that the State used the forged traffic citation, separately from the information, to charge and convict Appellant with a traffic offense. Rather, the forged traffic citation was intended for use by the State as evidence in the forgery charge. See Rushing v. State, 684 So.2d 856, 857 (Fla. 5th DCA 1996)(holding that "[a] defendant's signature on a traffic ticket seems to operate as an appearance bond, so signing another's name on a ticket would be forgery" pursuant to § 831.01).
A traffic citation issued to the wrong person[1] and signed with a forged signature is defective, at the very least as to the person whose name is improperly on the citation.[2] A plain reading of section 316.650(9) shows that the Legislature did not exclude defective traffic citations from admission in trial. Therefore, the trial court was correct when it ruled that the Legislature did not intend the exclusion of the forged traffic citation. Cf. Fernandez v. State, 370 So.2d 818 (Fla. 3d DCA 1979)(holding that the accident report privilege statute did not apply because a staged collision should not be considered as an accident).
Accordingly, I would affirm the trial court's ruling to admit the forged traffic citation as evidence in the trial against Appellant for forgery under section 831.01.
NOTES
[1] Naming the wrong person is different from charging a person and not knowing who the person is. See Fla. R.Crim. P. 3.140(d)(2)("The name of the accused person shall be stated, if known, and if not known, the person may be described by any name or description by which the person can be identified with reasonable certainty. If the grand jury, prosecuting attorney, or affiant making the charge does not know either the name of the accused or any name or description by which the accused can be identified with reasonable certainty, the indictment or information, as the case may be, shall so allege and the accused may be charged by a fictitious name.").
[2] See 41 Am.Jur.2d Indictments and Informations § 144 at 757 (1995)("any substantial misnomer in either the first or surname of the accused in the charging part of the accusation vitiates it"); State ex rel. Wentworth v. Coleman, 121 Fla. 13, 163 So. 316 (1935)(holding that information with wrong name that was improperly altered without authorization to the correct name of the defendant was vitiated). Cf. Turner v. State, 444 So.2d 974 (Fla. 3d DCA 1983)(ruling that information was null and void because it was signed by an imposter who was posing as an assistant state attorney). See generally Southeast Bank, N.A. v. Sapp, 554 So.2d 1193, 1195 (Fla. 1st DCA 1989)("The law regarding forged documents is well established: they are void and the recording of a void or forged instrument is legally insufficient to convey notice or afford protection to those claiming title thereunder.").