837 So.2d 506 (2003)
Phillip COULOMBE, Petitioner,
v.
STATE of Florida, Respondent.
No. 5D02-1417.
District Court of Appeal of Florida, Fifth District.
January 17, 2003.
Rehearing Denied February 13, 2003.
Phillip Coulombe, Gainesville, pro se.
Charlie Crist, Attorney General, Tallahassee, Timothy D. Wilson, Assistant Attorney General, Daytona Beach, for Respondent.
PALMER, J.
Phillip Coulombe petitions this court for certiorari review of the trial court's order dismissing his appeal of a county court conviction for a traffic infraction. Concluding that the trial court departed from the essential requirements of law in dismissing Coulombe's appeal, we grant the petition.
Coulombe filed a timely notice of appeal in the trial court seeking review of his *507 county court conviction for committing a traffic infraction. Coulombe also filed a motion for stay of the conviction and an affidavit of indigency. The trial court granted the stay, noting therein Coulombe's indigency. However, the affidavit of indigency was apparently lost by the clerk and, accordingly, Coulombe filed a second affidavit of indigency at the same time he filed his initial brief. When Coulombe received a notice of the fee for preparing the index of the record on appeal, he submitted a proposed order of indigency and allegedly sent a letter to the trial court reminding the court of the pending indigency affidavit.
Nonetheless, the trial court entered a notice of intent to dismiss Coulombe's appeal for failure to file a brief. When Coulombe notified the court that a brief had been filed, the court sent an amended notice to dismiss for lack of a record. Coulombe alleges that he called and wrote the court, again advising that his affidavit of indigency was still pending; however, the trial court dismissed his appeal based on his failure to file a record.
A petition for writ of certiorari can only be properly granted when the trial court's ruling departed from the essential requirements of the law. See State v. Pettis, 520 So.2d 250 (Fla.1988). In this case, that standard was met.
In Willis v. State, 708 So.2d 939 (Fla.1998), our supreme court explained that a party who claims a right to seek review without payment of costs shall file a motion in the trial court with an affidavit showing inability either to pay the fees and costs or to give security therefore. Here, Coulombe filed the necessary petition and the court (at least implicitly) granted it. Although the trial court did not specifically enter an order of indigency, it recognized Coulombe's indigency in its order granting his motion for stay where it explicitly held that the stay was without the giving of security "due to indigency". Having been found indigent, Coulombe was entitled to obtain a record without providing the requested fee and therefore the trial court erred in dismissing his petition. However, he is not entitled to receive a free transcript. See Fla. R. Traf. Ct. 6.460(b). Alexander v. Bamash, 814 So.2d 1211 (Fla. 4th DCA 2002).
Petition GRANTED, order QUASHED; and cause REMANDED.
SAWAYA and PLEUS, JJ., concur.