COVINGTON, Judge.
The State petitions this court to issue a writ of certiorari and quash the trial court’s order granting Oscar Martinez’s motion in limine. Relying on Dixon v. State, 812 So.2d 595 (Fla. 1st DCA 2002), the trial court held that the traffic citation Martinez is accused of forging cannot be introduced into evidence pursuant to section 316.650(9), Florida Statutes (2002). The trial court also excluded any reference to the citation, absent any other asserted basis for independent relevance. Because the trial court departed from the essential requirements of the law when it excluded any reference to the traffic citation, we grant the State’s petition and quash the trial court’s order to the extent that it exceeds both the statutory requirements and Dixon.
Where there is no adequate remedy by appeal, an interlocutory pretrial order in a criminal case excluding evidence is subject to certiorari review when the order departs from the essential requirements of the law. Trepal v. State, 754 So.2d 702 (Fla.2000); State v. Pettis, 520 So.2d 250 (Fla.1988); State v. Busciglio, 426 So.2d 1233 (Fla. 2d DCA 1983). “A petition for writ of certiorari can only be properly granted when the trial court’s ruling departed from the essential requirements of the law.” Coulombe v. State, 837 So.2d 506, 507 (Fla. 5th DCA 2003) (citing Pettis, 520 So.2d at 250). The State must also demonstrate that the trial court’s departure resulted in a miscarriage of justice. See Ivey v. Allstate Ins. Co., 774 So.2d 679, 683 (Fla.2000) (quoting Stilson v. Allstate Ins. Co., 692 So.2d 979, 982-83 (Fla. 2d DCA 1997)); see also Pettis, 520 So.2d at 254. Here, this standard has been met.
On January 8, 2002, Oscar Martinez was stopped by an officer with the Clearwater Police Department for speeding. Martinez told the officer that his name was “Henry Martinez.” The officer issued two traffic citations to “Henry Martinez”; one ticket was for speeding and the other was for failing to carry a driver’s license. Martinez signed both citations as “Henry Martinez.” He then gave the officer consent to search the vehicle. The officer saw an organizer on the front seat. Inside the organizer, the officer found a Universal Studios card with Martinez’s name and picture. Martinez then admitted that he had given the officer a false name. He was charged with forgery under section 831.01, Florida Statutes (2002). Martinez filed a motion in limine to exclude the forged traffic citation based on Dixon v. State, 812 So.2d 595 (Fla. 1st DCA 2002).
The facts in Dixon are nearly identical to those in the case at bar. The defendant was stopped by the police and gave a false name. Id. at 595-96. He then signed a traffic citation using the false name. Id. at 596. When his true identity was discovered, the defendant was charged with forgery and driving without a valid driver’s license. Id. at 595-96. The trial court denied his motion in limine “finding that the legislature could not have intended the exclusion of a traffic citation when the execution of the citation is the basis of the offense at trial.” Id. at 596.
Section 316.650, Florida Statutes (2002), is entitled “Traffic citations.” Section 316.650(9) specifically provides that “[s]uch citations shall not be admissible evidence in any trial.” In Dixon, the First District correctly noted that “[t]he statute contains *20 no exceptions to this clear and unambiguous prohibition.” Dixon, 812 So.2d at 596. Thus, “in view of the absolute mandatory-terms of section 316.650(9),” the court concluded that the trial court erred when it denied the defendant’s motion in limine. Id.
Considering the posture of this case on appeal, our review is limited to determining whether the trial court departed from the essential requirements of the law when it granted Martinez’s motion in limine. The record is clear that the trial court followed the holding in Dixon when it excluded the admission of the traffic citation. There are no other cases directly on point, and this case is factually indistinguishable from Dixon. Thus, it cannot be said that the trial court’s exclusion of the traffic citation was a departure from the essential requirements of the law. State v. Veilleux, 2003 WL 21749024 (Fla. 2d DCA 2003); Trepal, 754 So.2d 702.
However, the trial court exceeded the requirements of section 316.650(9) and the First District’s opinion in Dixon when it excluded any reference to the traffic citation. Neither section 316.650(9) nor the opinion in Dixon dictates such a result. We therefore conclude that the trial court’s order departs from the essential requirements of the law to the extent that it excludes any reference to the traffic citation. See Trepal, 754 So.2d 702; Pettis, 520 So.2d 250; Busciglio, 426 So.2d 1233. This departure results in a miscarriage of justice because it would be all but impossible for the State to prosecute Martinez for forgery of a traffic citation without reference to the citation. See Ivey, 774 So.2d at 682-83 (quoting Stilson, 692 So.2d at 982-83).
Therefore, we conclude that the trial court’s order properly excluded the admission of the traffic citation. We also conclude that the trial court erred when it excluded any reference to the traffic citation absent an independent basis of relevance. We therefore grant the State’s petition for writ of certiorari and quash that portion of the trial court’s order that excludes any reference to the traffic citation.
NORTHCUTT, J., Concurs.
ALTENBERND, C.J., Concurs in part and dissents in part with opinion.