PER CURIAM.
Kyle Willis appeals his conviction for forgery and uttering a forged instrument. We affirm.
Defendant-appellant was employed by a business in Key West. The business owner had left a check for another employee to pick up. The check was signed and filled out for $290 which the owner owed the employee, but the payee line was left blank.
The defendant stole the check, filled in his name on the payee line, and cashed the check at a local liquor store. He was convicted of theft, forgery, and uttering a forged instrument. He does not challenge the conviction for theft.
On this appeal the defendant contends that his conduct does not qualify as forgery under section 831.01, Florida Statutes (2001), which provides in relevant part that “[w]hoever falsely makes, alters, forges or counterfeits .... an order ... for money ... with intent to injure or defraud any person, shall be guilty of a felony of the third degree.... ”
We conclude that the defendant’s conduct qualifies as the crime of forgery. He falsely made or altered the check by inserting his name as payee, with the intent to obtain $290 to which he was not entitled. See Rushing v. State, 684 So.2d 856 (Fla. 5th DCA 1996); Ausburn v. State, 216 So.2d 84 (Fla. 2d DCA 1968).
Affirmed.