862 So.2d 783 (2003)
Robert E. MADDOX, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-4143.
District Court of Appeal of Florida, Second District.
November 14, 2003.
James Marion Moorman, Public Defender, Bartow, and Anthony C. Musto, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Donna S. Koch, Assistant Attorney General, Tampa, for Appellee.
DAVIS, Judge.
Robert E. Maddox challenges his convictions and sentences for two counts of forgery, two counts of uttering forged instruments, and one count each of giving false information to a law enforcement officer and driving while license suspended or revoked. We affirm Maddox's convictions and sentences without comment but write to address the issue of the admissibility of the forged traffic citations at his trial.
A Polk County Deputy Sheriff stopped Maddox for an improper lane change. Upon being asked for his driver's license and proof of insurance, Maddox advised the deputy that he did not have his license or proof of insurance with him. The deputy then asked for his name and date of birth, in response to which Maddox said his name was Nathaniel Lewis Maddox and his date of birth was November 1, 1980. Based on this information, the deputy issued two citations in the name of Nathaniel Lewis Maddoxone for improper lane change and the other for failure to produce proof of insurance. When Maddox was hesitant to sign the citations, the deputy advised that failure to sign was a criminal offense. Maddox then signed the citations.
During the traffic stop, a second deputy arrived on the scene. The owner of the car, who had been riding in the front passenger seat, gave permission for the deputies to search the vehicle. During the search, the second deputy found an identification card that identified Maddox as Robert Edwin Maddox. A license check for Robert Edwin Maddox showed that his driver's license was suspended. The deputy retained possession of the two traffic citations issued to Nathaniel Maddox and issued a citation to Maddox charging him with driving while his licensed was suspended. *784 Maddox initially refused to sign this citation but agreed to after the deputy issued him a subsequent citation for refusing to sign a citation. Later, while in custody, Maddox volunteered that Nathaniel Maddox was his brother. Accordingly, Maddox was charged with two counts of forgery for signing the citations issued in the name of Nathaniel and two counts of uttering a forged instrument.
Maddox went to trial on the forgery and uttering counts, as well as on one count of giving false information to a police officer and one count of driving while license suspended. He was found guilty as charged.
On appeal, Maddox argues that, pursuant to section 316.650(9), Florida Statutes (2001), the trial court erred by admitting these traffic citations into evidence. In making this assertion, Maddox relies on the First District's opinion in Dixon v. State, 812 So.2d 595, 595 (Fla. 1st DCA 2002) ("Because the language of section 316.650(9) unambiguously provides that traffic citations are not admissible in any trial, we must reverse [appellant's forgery conviction]."). We, however, do not agree with the reasoning in Dixon.
Initially, we note that whether this issue was preserved for appeal is questionable. At the hearing on the motion in limine, and again at trial, the deputy who issued the citations testified that his observation of Maddox's signature on one of the citations led him to conclude that Maddox had signed the citation "N. Maddox." At the motion in limine hearing, Maddox's counsel informed the trial court that if the officer testified at trial that the citation was signed "N. Maddox," she wanted the citations published to the jury to show that Maddox merely signed his last name of "Maddox." When in fact the officer did testify at trial that the signature contained a first initial, Maddox's counsel used the citations to cross-examine the officer. Accordingly, this issue may have been waived.
However, even if the objection was not waived, we do not believe the trial court erred in admitting the citations as evidence of the forgeries. Although section 316.650(9) does provide that traffic citations "shall not be admissible evidence in any trial," that statutory proscription does not apply to the facts of this case. Based on our reading of the statute, we conclude that the purpose of the statute is to protect the person to whom the citation is issued. Here, the citation was issued to a person the deputy believed to be Nathaniel Maddox; the deputy charged Nathaniel Maddox with two civil infractions. When the deputy learned that Maddox was, in fact, not Nathaniel Maddox, but rather Robert Maddox, he withdrew the charges against Nathaniel Maddox and retained the documents as evidence of the criminal offenses of forgery. Maddox misrepresented himself to be Nathaniel and signed the ticket to carry out the misrepresentation. Maddox was not on trial for either of the civil infractions, nor was Nathaniel Maddox. In fact, after the withdrawal of the citations, the charges of improper lane change and failure to show proof of insurance were no longer pending against anyone. Thus, the documents were not "citations" as contemplated by the statute, but rather were documentary evidence of Maddox's criminal conduct. Thus, the statute does not apply.
Accordingly, we affirm the trial court's ruling admitting the citations into evidence against Robert Maddox. Because in reaching this conclusion we disagree with the majority in the First District's opinion in Dixon, 812 So.2d 595, we certify conflict *785 with that opinion.[1]
Affirmed; conflict certified.
NORTHCUTT and KELLY, JJ., concur.
NOTES
[1] We acknowledge that our decision could be read to conflict with our recent opinions in State v. Veilleux, 859 So.2d 1224 (Fla. 2d DCA 2003), and State v. Martinez, 28 Fla. L. Weekly D1916, ___ So.2d ___, 2003 WL 21946474 (Fla. 2d DCA Aug. 15, 2003). However, those cases were before this court on petitions for writ of certiorari, which we denied. In doing so, we concluded that the trial court in each case had not departed from the essential requirements of law because it followed Dixon, which was the only case law on the issue available at that time. Although Veilleux and Martinez did elaborate on the reasoning of the Dixon court, these discussions were not directly related to the issues being reviewed by the certiorari standard and thus did not reflect the expressed opinion of this court as to the meaning of section 316.650(9). See Shaps v. Provident Life & Accident Ins. Co., 826 So.2d 250 (Fla.2002) (holding that in the denial of certiorari, the appellate court does not rule on the merits of the case and that any discussion of the merits is dicta); Carol City Utils., Inc. v. Dade County, 183 So.2d 227 (Fla.1966) (holding that the denial of certiorari is not determinative of the merits of the underlying issue and that the denial cannot be said to be an actual decision on the merits). Accordingly, our decision here is not in conflict with our holdings in Veilleux and Martinez, which were denials of petitions for writ of certiorari and not decisions on the merits.