MONACO, J.
This is an appeal from a non-final order certifying one class of plaintiffs in a class action suit under the Florida Motor Vehicle Lease Disclosure Act[1], in which the appellant, Courtesy Auto Group, Inc., seeks review of the trial court’s order allowing the appellee, Wilma Garcia, to act as the class representative.[2] While there are a number of arguments advanced by Courtesy in support of its position, the only one that requires comment concerns its assertion that the trial court erred in its threshold finding that Ms. Garcia has standing to pursue her claim for the alleged failure of Courtesy to provide her with copies of. the credit application and consumer option plan that she signed in connection with the lease of her automobile. Courtesy posits that neither of these documents implicates the provision of the statute requiring it to provide copies of all documents signed by , a lessee. We disagree, and affirm the order of the trial court.
Section 521.004(2), Florida Statutes (2000), requires that a retail lessor must:
Provide the retail lessee with a copy of each document signed by the retail lessee during the course of the lease transaction.
(emphasis added).
The trial court addressed Courtesy Auto’s arguments and found that section 521.004 encompassed all of the documents that Ms. Garcia signed leading up to the actual execution of the lease, and thus included both the credit application and the consumer option spreadsheet. The court further found that Ms. Garcia had standing to assert the failure of Courtesy Auto to provide her with copies of those documents. *1222 Courtesy argues that these documents either contain information provided by the consumer, not to the consumer, or are solely for internal purposes. It may be that Courtesy is correct. That, however, is not the point.
When interpreting a statute and attempting to discern legislative intent, courts must first look at the actual language used in the statute. See Joshua v. City of Gainesville, 768 So.2d 432 (Fla.2000). When the language of a statute is clear and unambiguous, and conveys a clear and definite meaning, there is no occasion for resorting to rules of statutory interpretation and construction. That is to say, a statute must be given its plain and obvious meaning. See Florida Dept. of Children & Family Servs. v. McKim, 869 So.2d 760 (Fla. 1st DCA 2004); Florida Convalescent Ctrs. v. Somberg, 840 So.2d 998 (Fla.2003); McLaughlin v. State, 721 So.2d 1170 (Fla.1998). Therefore, when the statute says “each document signed,” it means “each document signed.” As unambiguous language is not subject to judicial construction, a determination respecting whether to allow the omission of certain documents from the requirement to provide all documents is purely within the discretion of the legislature. See State v. Jett, 626 So.2d 691 (Fla.1993).
Accordingly, we find no error and affirm.
AFFIRMED.
THOMPSON and TORPY, JJ., concur.

. Chapter 521, Florida Statutes (2000).

. We have jurisdiction pursuant to Rule 9.130(a)(3)(C)(vi), Florida Rules of Appellate Procedure.