PER CURIAM.
Roy Duckworth (Duckworth) seeks cer-tiorari review and relief from an order of the Martin County circuit court which granted the state’s motion, in connection with a criminal investigation, for release of medical records from the Department of Highway Safety and Motor Vehicles (the department). We grant the petition and quash the order on review.
Duckworth was involved in a motor vehicle accident on September 19, 2003. He lost consciousness due to a seizure, his vehicle went out of control, and he struck a pedestrian who was killed. Blood samples taken immediately after the accident revealed that neither alcohol nor illegal drugs were in his system, but that he was taking the correct dosage of medication for his medical condition. Previously, his driver’s license had been revoked for a year due to seizures, but it had been reinstated on August 8, 2003. On November 3, 2004, the Florida Highway Patrol (FHP) issued a traffic homicide investigation release, indicating it did not intend to file a criminal information based on the accident.
Nevertheless, the state attorney proceeded with a criminal investigation, issuing a subpoena duces tecum for medical records from Duckworth’s treating physician, a Dr. Toledo. Duckworth objected, the state moved to order release of the records, and, following a hearing, the state’s motion was granted. See Hunter v. State, 639 So.2d 72 (Fla. 5th DCA 1994) (holding state attorney could compel disclosure of patient’s medical records by investigative subpoena, despite statutes making them confidential, so long as the patient was given notice and, if the patient objected, the state showed evidence of a compelling state interest and the relevance of the requested records to the state’s investigation). At the hearing, the state explained it wished to learn whether the medications in Duckworth’s system at the time of the accident had been prescribed and whether he was taking the proper dosage.[1]
The instant petition arises as a result of the state’s efforts thereafter to obtain the release of medical records from the department in order to determine which doctor, if any, “authorized” Duckworth to receive a license, having determined from the records it had already received that Dr. Toledo did not. At the hearing on its motion, the state explained it wanted to know if Duckworth “doctor-shopped” to find a doctor who would authorize the reinstatement of his license, or whether he had forged a doctor’s authorization. The department required a court order before it would disclose any medical information to the state.
Duckworth objected, claiming his medical records were confidential, privileged, and exempt from use as evidence in any trial. With respect to the state’s assertion that Duckworth had to have medical authorization to obtain his driver’s license, Duckworth argued it was the department’s Medical Advisory Board (the board) that was to make the determination. It could *533 require a licensee to submit medical reports, § 322.221(2)(c), Florida Statutes (2003), but then it was to take the action it deemed appropriate, section 322.221(3). It is not a rubber stamp to a treating physician.
Duckworth’s principal contention was that section 322.125(4) provides that reports received or made by the board may not be divulged to anyone but the driver or applicant, or used as evidence in any trial, and are exempt from the public records provisions of section 119.07(1), except that they may be admitted in proceedings under section 322.271 (providing for administrative hearing on suspension, cancellation or revocation of license) or 322.31 (providing for administrative review of license denial, cancellation, suspension, or revocation).
The trial court granted the state’s motion for release of medical records from the department, staying its order pending appellate review in this court. Duckworth seeks review and relief from that order.
Certiorari lies when there is a departure from the essential requirements of law which will materially injure the petitioner throughout the remainder of the proceedings and cannot be remedied adequately on appeal. See Bared & Co. v. McGuire, 670 So.2d 153 (Fla. 4th DCA 1996). It is the proper vehicle to review a discovery order that requires the production of statutorily privileged information. E.g., Lemieux v. Tandem Health Care of Fla., Inc., 862 So.2d 745, 747-48 (Fla. 2d DCA 2003) (quashing order allowing ex parte disclosure of privileged medical information from patient’s treating physicians, in patient’s action against rehabilitation clinic). Clearly, section 322.125(4) makes confidential the records that the order on review would allow the state to obtain. Due to the privacy considerations inherent in a person’s medical information, plenary appeal will not provide an adequate remedy. For that reason, we reject the state’s argument, citing Callins v. State, 747 So.2d 453, 453 (Fla. 4th DCA 1999), that Duckworth did not make a specific showing of irreparable harm because a criminal defendant always has the right to appeal from a conviction, in which any interlocutory order may be attacked.
We recognize it is reasonable for the state to assume that the department and the board would rely on the medical opinion of a license applicant’s treating physicians when reinstating a license that had been revoked for seizures. See, e.g., § 322.221(2)(c), Fla. Stat. (“If the department has reason to believe that a licensee is physically or mentally unqualified to operate a motor vehicle, it may require the licensee to submit medical reports regarding his or her physical or mental condition to the department’s medical advisory board for its review and recommendation. The submission of medical reports shall be made without expense to the state.”). See also Fla. Admin. Code R. 15A-5.002(3) (providing the board may require licensee or applicant to have his or her physician complete a medical report evaluating applicant’s mental or physical ability to operate a motor vehicle safely); Fla. Admin. Code R. 15A-5004(1) (allowing an applicant with seizures to apply for board review after two years free of seizures, or, if under regular medical supervision, after one year free of seizures).
Nevertheless, the state’s investigating a licensee’s possible commission of fraud with respect to such medical reports does not appear to be an exception to the confidentiality provisions on which Duck-worth relies, sections 322.125(4) and 322.126(4).
Section 322.125(4), Florida Statutes, provides as follows:
*534 Reports received or made by the board or its members for the purpose of assisting the department in determining whether a person is qualified to be licensed are for the confidential use of the board or the department and may not be divulged to any person except the licensed driver or applicant or used as evidence in any trial, and are exempt from the provisions of § 119.07(1), except that the reports may be admitted in proceedings under § .322.271 or § 322.31. Any person conducting an examination pursuant to this section may be compelled to testify concerning his or her observations and findings in such proceedings.
§ 322.125(4), Fla. Stat. (emphasis added).
Section 322.126(4) provides, concerning reports of driver disability to the department and its medical advisory board, that “[n]o report forwarded under the provisions of this section shall be used as evidence in any civil or criminal trial or in any court proceeding.”
The department’s administrative rules provide likewise. See Fla. Admin. Code R. 15A-5.0011(4)(a) (providing that the board’s responsibilities include receiving, for confidential use of the board or the department, reports to assist department in determining whether a person is mentally or physically qualified to be licensed; and that such reports, whether made or received by the board, “may not be divulged to any person except the licensed driver or applicant or such persons as he may authorize in writing and may not be used as evidence in any trial, except that the reports may be admitted in proceedings of Section 322.271 or 322.31, F.S.”) (emphasis added).
Duckworth acknowledges that in Limbaugh v. State, 887 So.2d 387 (Fla. 4th DCA 2004), rev. denied, 903 So.2d 189 (Fla.2005), this court addressed the right to privacy in medical records applicable to search warrants, holding that the subpoena statutes that effectuate a right to privacy in medical records do not apply to search warrants. Limbaugh, 887 So.2d at 393-94. But he argues that the legislature afforded extra protection, beyond that afforded under the subpoena statutes, under sections 322.125 and 322.126. The state argues that a search warrant could have been utilized to obtain the medical records in this case, pursuant to Limbaugh. However, that is not the case here. The state did not seek a search warrant and we express no opinion as to the propriety of it doing so.
The state urges that the statutes be read simply as precluding use of the reports in question as evidence. See § 322.125(4) (stating “Reports received or made by the board or its members for the purpose of assisting the department in determining whether a person is qualified to be licensed ... may not be ... used as evidence in any trial”) (emphasis added); § 322.126(4) (stating “No report forwarded under the provisions of this section shall be used as evidence in any civil or criminal trial or in any court proceeding.”) (emphasis added).
Such a reading, however, ignores the fact that section 322.125(4) specifically precludes divulging these matters “to any person except the licensed driver or applicant” (emphasis added), the sole exception being for administrative proceedings under sections 322.271 or 322.31 (concerning administrative license suspension and appeal).
We conclude, in the face of this clear statutory language, that the trial court departed from the essential requirements of law in granting the state’s motion. Here, the unambiguous language of section 322.125(4) furnishes the clearly established law. It does not provide for an exception *535 after a court balances the applicant’s privacy rights against a legitimate state need for the record, such as a compelling state interest in a criminal investigation, in contrast to the exceptions found within other statutes which generally preclude disclosure of a patient’s medical records, e.g., sections 395.3025(4)(d) (applicable to hospitals) and 456.057(5)(a)3 (applicable to medical records in the hands of health care practitioners). Clearly, the legislature knows how to except subpoenas issued by a court, after notice and an opportunity to be heard, from non-disclosure provisions. The provision at issue in this case includes no such exception.
Because the trial court’s order contravenes the unambiguous language of section 322.125(4), we grant the petition and quash the order on review.
GUNTHER, POLEN and HAZOURI, JJ., concur.

. Duckworth did not appear at this hearing. It is his contention that his attorney never received notice of the hearing. We deny additional relief requested by Duckworth: requiring the state to return the records of his treating physician and prohibiting the state from using them. Those records were obtained pursuant to an order dated August 23, 2004, which has not been the subject of a timely appellate proceeding. Duckworth's contention that he was not served a copy of the order at the lime it was issued is not shown to have been raised below; nor do the portions of the record before this court establish that the trial court was ever requested by motion to grant Duckworth relief from the August 23, 2004 order, or that his request for relief was ever set for hearing or heard.