DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SYLVESTER SYLVESTRE,**
Petitioner,

v.

**STATE OF FLORIDA,**
Respondent.

No. 4D19-2753

[November 20, 2019]

Petition for writ of certiorari to the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Susan L. Alspector, Judge; L.T. Case No. 18-001533CF10A.

Howard Finkelstein, Public Defender, and Lisa S. Lawlor, Assistant Public Defender, Fort Lauderdale, for petitioner.

Ashley Moody, Attorney General, Tallahassee, and Rachael Kaiman, Assistant Attorney General, West Palm Beach, for respondent.

PER CURIAM.

The defendant in a pending criminal case petitions for certiorari review of an order that grants the State's request to have Defendant's third competency evaluation video-recorded. As no departure from the essential requirements of law is shown, we deny the petition.

**Background**

Defendant was arrested and charged with armed burglary of a dwelling, felony battery (prior conviction), and possession of cannabis. His attorney filed a motion to appoint experts to evaluate Defendant's competence to stand trial. The first two court-appointed experts reached differing conclusions: one opined that Defendant was incompetent, while the second believed Defendant was malingering. The trial court announced it would appoint a third expert to conduct an evaluation. The State subsequently filed a written motion seeking the court's permission to have the evaluation video-recorded.

Defendant objected and, as discussed below, the trial court granted the State's request that the evaluation be video-recorded. In so doing, the court noted that the statutes, rules, and caselaw governing competency evaluations do not preclude video-recording.

Defendant filed two written objections to the trial court order. The State filed a response. The trial court then heard legal arguments at a non-evidentiary hearing. The court noted that Florida Rule of Criminal Procedure 3.210(b) allows attorneys for the State and the defendant to be present during any court-ordered competency examinations. It rejected Defendant's objection to the video-recording, concluding that allowing video-recording was not materially different from the State's lawyer being present during the evaluation.

The third competency evaluation of Defendant has been stayed pending our ruling on the instant petition.

## Analysis

Certiorari lies when there is a departure from the essential requirements of law which will materially injure the petitioner and cannot be remedied adequately on appeal. *Duckworth v. State*, 923 So. 2d 530, 533 (Fla. 4th DCA 2006). "The district courts should exercise [their] discretion only when there has been a violation of a clearly established principle of law resulting in a miscarriage of justice." *Combs v. State*, 436 So. 2d 93, 96 (Fla. 1983).

The State has the right to a fair determination and meaningful opportunity to be heard as to a defendant's competence to proceed, and absent a showing of good cause by a defendant, the State has a right to have a competency evaluation by a court-appointed expert video-recorded. *See Maraman v. State*, 980 So. 2d 1096, 1100-01 (Fla. 2d DCA 2008) (recognizing the right of a person subjected to compelled examination to have the examination recorded). Although *Maraman* involved the right of a defendant to videotape a compelled sanity evaluation by a State expert under rule 3.216(d), that precedent supports the State's contention that it has a similar right under rule 3.210 to be able to video-record a court-ordered competency evaluation.

Defendant's argument that *Maraman* is distinguishable because the competency evaluation and determination process is non-adversarial is not persuasive. The competency hearing is adversarial. At a competency hearing, either party may introduce evidence beyond the reports and testimony of the court-appointed experts. Fla. R. Crim. P. 3.212(a) ("The

2

experts preparing the reports may be called by either party or the court, and *additional evidence may be introduced by either party*.") (emphasis supplied).  Moreover, the ultimate determination of whether a defendant is competent to proceed is for the trial court.  *See Dougherty v. State*, 149 So. 3d 672, 678 (Fla. 2014) (recognizing that "[e]ven in a situation where all the experts opine that a defendant is competent, the trial court could presumably disagree based on other evidence such as the defendant's courtroom behavior or attorney representations.").  The trial court is not bound by the reports or opinions of the experts.  Like a defendant, the State has the right to contest the evaluation procedures and the conclusions of the court-appointed experts.

Video-recording the evaluation ensures a complete and accurate record of the evaluation is available.  *See Gibson v. Gibson*, 456 So. 2d 1320, 1321 (Fla. 4th DCA 1984) (granting a petition for certiorari and directing the trial court to allow the attendance of a court reporter at a court-ordered psychiatric evaluation in a civil case).  "Both the examiner and patient should benefit by the objective recording of the proceedings, and the integrity and value of the examination as evidence in the judicial proceedings should be enhanced."  *Id.*  The same rationale applies here.  Additionally, video-recording the competency evaluation avoids the potential that the attorney for the State would need to testify as a fact witness should a dispute arise about what occurred during an evaluation.

Defendant's argument that videotaping the examination unjustifiably intrudes on his privacy has no merit.  As noted by the trial court, the State has an explicit, absolute right to have an attorney present during the examination under rule 3.210(b) ("Attorneys for the state and the defendant may be present at any examination ordered by the court.").  We agree with the trial court that the presence of a video camera is no more intrusive than the presence of attorneys witnessing the examination.

## Conclusion

The trial court did not depart from the essential requirements of law or deny defendant due process in declining to hold an evidentiary hearing in this case and in overruling Defendant's objection to the State video-recording Defendant's third competency evaluation.  The court accepted all of defense counsel's proffers as true and acted within its discretion in granting the State's request to have this evaluation video-recorded. Defense counsel's proffers did not show any legally valid grounds or good cause to preclude video-recording, and there was no dispute that qualified experts were available and willing to conduct the video-recorded evaluation.  Accordingly, no evidentiary hearing was required, and we deny

Defendant's petition as the trial court did not violate "a clearly established principle of law resulting in a miscarriage of justice." *Combs*, 436 So. 2d at 96.

 *Petition denied.*

LEVINE, C.J., WARNER and FORST, JJ., concur.

*   *   *

***Not final until disposition of timely filed motion for rehearing.***